708 A.2d 481

David J. SULLIVAN, Appellee,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Supreme Court of Pennsylvania.

Argued Sept. 18, 1997.

Decided Feb. 26, 1998.

640

Timothy P. Wile, Harold H. Cramer, Harrisburg, for Dept. of Transp.

Robert L. Foreman, Pittsburgh, for David J. Sullivan.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

*OPINION OF THE COURT*

NEWMAN, Justice.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDOT) appeals from an Order of the Commonwealth Court that affirmed an Order of the Court of Common Pleas of Allegheny County (trial court) sustaining David J. Sullivan's (Sullivan) statutory appeal of a one-year license suspension imposed pursuant to Section 1532(b)(3) of the Vehicle Code, 75 Pa.C.S. § 1532(b)(3).[1] We granted allocatur to decide the issue of whether, at the time of Sullivan's license suspension, Penn-DOT had the authority to suspend a driver's license based on an out-of-state conviction pursuant to the Driver License Compact of 1961 (Compact). Because we conclude that, at the

---

1. 75 Pa.C.S. § 1532(b)(3) provides in part that:

   [PennDOT] shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under the influence of alcohol or controlled substance) or 3733 (relating to fleeing or attempting to elude police officer) or an adjudication of delinquency based on section 3731 or 3733. . . .

relevant time, the Commonwealth had not enacted the Compact into law, we affirm the Order of the Commonwealth Court.

## FACTUAL AND PROCEDURAL HISTORY

The Compact is a contractual agreement among states intended to promote compliance with each party state's driving laws and regulations. Besides Pennsylvania, the Compact has thirty-nine party jurisdictions (thirty-eight states and the District of Columbia), each of which has enacted the Compact into law by statute.[2]

Article III of the Compact provides that, "[t]he licensing authority of a party state shall report each conviction [for an offense related to the use or operation of a motor vehicle] of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee." Pursuant to Article IV(1) of the Compact:

The licensing authority in the home state, for the purposes of suspension, revocation, or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III, as it would if such conduct had occurred in the home state, in the case of convictions for:

2. *See* Ala.Code §§ 32–6–30 to 36; Ariz.Rev.Stat. §§ 28–1601 to 1605; Ark.Code §§ 27–17–101 to 106; Cal. Veh.Code § 15000 *et seq.;* Colo. Rev.Stat. §§ 24–60–1101 to 1107; 1992 Conn. Acts 92–186 (Reg.Sess.); Del.Code tit. 21, § 8101; D.C.Code §§ 40–1501 and 1502; 23 Fla. Stat. Ann. §§ 322.43 to 322.48; Haw.Rev.Stat. §§ 286C–1 and 286C–2; Idaho Code §§ 49–2001 to 2003; Ill.Ann.Stat. ch. 625, ¶ 5/6–700 to 708; Ind.Code Ann. §§ 9–28–1–1 to 6; Iowa Code §§ 321C.1 and 321C.2; Kan. Stat. Ann. §§ 8–1212 to 1218; La.Rev.Stat. Ann. §§ 32:1420 to 1425; Me.Rev.Stat. tit. 29, §§ 631 to 675; Md. Transp. Code §§ 16–701 to 708; Minn.Stat. §§ 171.50 to 56; Miss.Code Ann. §§ 63–1–101 to 113; Mo. Ann. Stat. §§ 301.600 to 302.605; Mont.Code Ann. §§ 61–5–401 to 406; 2A Neb.Rev.Stat.App. at 840; Nev.Rev.Stat. §§ 483.640 to 483.690; N.H.Rev.Stat. § 263.77; N.J. Stat. Ann. §§ 39:5D–1 to 14; N.M. Stat. Ann. §§ 66–5–49 to 51; N.Y. Veh. & Traf. Law § 516; N.C. Gen.Stat. §§ 20–4.21 to 4.30; Ohio Rev.Code Ann. § 4507.60 Okla.Stat. tit. 47, §§ 781 to 788; Or.Rev.Stat. § 802.540; S.C.Code Ann. §§ 56–1–610 to 690; Utah Code Ann. §§ 41–2–501 to 506; Vt. Stat. Ann. tit. 23, §§ 3901 to 3910; Va.Code §§ 46.2–483 to 488; Wash. Rev.Code Ann. §§ 46.21.010 to 46.21.040 (West); W.Va.Code §§ 17B–1A–1 and 2; Wyo. Stat. §§ 31–7–201 and 202.

(a) Manslaughter or negligent homicide resulting from the operation of a motor vehicle;

(b) Driving a motor vehicle while under the influence of alcoholic beverages or a narcotic to a degree which renders the driver incapable of safely driving a motor vehicle;

(c) Any felony in the commission of which a motor vehicle was used; or

(d) Failure to stop and render aid in the event of a motor vehicle accident resulting in the death or personal injury of another.

On March 28, 1995, Sullivan, a resident and licensed driver of Pennsylvania, was convicted of driving under the influence (DUI) in Nebraska, which is a party to the Compact. Pursuant to the Compact, Nebraska reported Sullivan's conviction to PennDOT. By notice dated May 25, 1995, PennDOT informed Sullivan that his conviction for DUI in Nebraska was equivalent to a violation of Section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731,[3] and, accordingly, PennDOT was suspending his license for one year pursuant to 75 Pa.C.S. § 1532(b)(3). The notice, however, made no reference to the Compact.

Sullivan appealed to the trial court, arguing, *inter alia,* that he had not been convicted of a violation of 75 Pa.C.S. § 3731, and that PennDOT had no authority to suspend his license based on an out-of-state conviction. At the hearing on September 20, 1995, PennDOT for the first time cited the Compact as authority for its suspension of Sullivan's license. PennDOT's attorney mistakenly identified the Compact as the "Interstate Compact Act", and cited to Pennsylvania Bulletin Volume 24, Number 45 (November 5, 1994). He argued that:

under Article 4 of that compact, the effect of a conviction of DUI reported to the department, the licensing authority in the home state, that is Pennsylvania, shall give such effect

---

**3.** 75 Pa.C.S. § 3731 provides that no person shall operate a vehicle while under the influence of alcohol or any controlled substance to a degree which renders the person incapable of safe driving, or while the amount of alcohol by weight in the blood of the person is 0.10% or greater.

to the conduct as provided by the laws in the home state. Under the laws of Pennsylvania, under Section 1532(b), when a person is convicted of Section 3731 of the Motor Vehicle Code, it is a one year suspension.

R.R. at 9a–10a. Although Sullivan's counsel did not address the issue of whether the Compact was effective as to the Commonwealth, he did argue that PennDOT improperly failed to notify Sullivan that the suspension of his license was based on the Compact. The trial court sustained Sullivan's appeal, and PennDOT appealed to the Commonwealth Court.

The Commonwealth Court considered Article VIII of the Compact, which provides as follows:

(1) This compact shall enter into force and become effective as to any state when it has enacted the same into law.

(2) Any party state may withdraw from this compact by enacting a statute repealing the same. . . .

The court concluded that the Commonwealth had not "enacted [the Compact] into law" as required by Article VIII(1), and, therefore, PennDOT lacked the authority to suspend Sullivan's license based on his conviction in Nebraska.

## DISCUSSION

On appeal to this Court, PennDOT first argues that the Commonwealth Court should not have addressed the issue of whether the Commonwealth enacted the Compact into law, because Sullivan did not raise it in the trial court. In the first instance, PennDOT overlooks the fact that, until the September 20, 1995 hearing, it had not notified Sullivan that it was relying on the Compact for authority to suspend his license. Moreover, the general rule that issues not raised in the lower court may not be raised on appeal applies only to appellants, not to appellees. *See Commonwealth v. Katze*, 540 Pa. 416, 658 A.2d 345 (1995) (plurality opinion); *Sherwood v. Elgart*, 383 Pa. 110, 117 A.2d 899 (1955). As an appellee, Sullivan was not precluded from raising in the Commonwealth Court the issue of whether the Compact had been enacted into law.[4]

4. In its brief, PennDOT makes reference to Pa.R.A.P. 1551, which governs the scope of review of quasijudicial orders. Rule 1551 pro-

■ PennDOT next argues that the Commonwealth did enact the Compact into law pursuant to Section 6146 of the Vehicle Code, 75 Pa.C.S. § 6146, which provides as follows:

The secretary may enter into agreements relating to the enforcement of this title, including, but not limited to:

(1) the Driver License Compact and any other agreements to notify any state of violations incurred by residents of that state. . . .

According to PennDOT, the Secretary's exercising the authority conferred upon him by 75 Pa.C.S. § 6146(1) is sufficient to constitute enactment of the Compact into law.[5] We regretfully disagree.

■ The Compact is a contract between states. Accordingly, we are bound to interpret its terms according to their plain meaning. *See, e.g., Steuart v. McChesney*, 498 Pa. 45, 444 A.2d 659 (1982). Furthermore, this Court will not rewrite the terms of a contract, nor give them a meaning that conflicts with that of the language used. *Id.*, at 50–51, 444 A.2d at 662 (quoting *Robert F. Felte, Inc. v. White*, 451 Pa. 137, 144, 302 A.2d 347, 351 (1973) (quoting *Hagarty v. William Akers, Jr. Co., Inc.*, 342 Pa. 236, 239, 20 A.2d 317, 319 (1941))). Pursuant to Article VIII(1) of the Compact, its provisions "enter into force and become effective as to any state when it has enacted the [Compact] into law." In the context of law making, the plain meaning of the term "enactment" is "[t]he method or

vides, in part, that, "[n]o question shall be heard or considered by the court which was not raised before the government unit except: (1) Questions involving the validity of a statute. . . ." Although the question of whether the Commonwealth enacted the Compact into law involves the effect of Section 6146 of the Vehicle Code, 75 Pa.C.S. § 6146, that statute's validity is not at issue. Accordingly, Rule 1551(a)(1) is inapplicable.

5. Pursuant to Section 6152 of the Vehicle Code, 75 Pa.C.S. § 6152, agreements entered into by the Secretary must be published in compliance with Part II of Title 45. In the Commonwealth Court, Sullivan argued that PennDOT's published notice failed to comply with those requirements, in that the notice contained only a synopsis of the Compact and not the full text. However, because we conclude that enactment of the Compact into law requires the passage of a statute by the Legislature, we do not address the adequacy of the published notice.

process by which a bill in the Legislature becomes a law." BLACK'S LAW DICTIONARY 526 (6th ed. 1990).

The language of Article VIII(2) of the Compact supports this interpretation. It provides that, "[a]ny party state may withdraw from this compact by enacting a statute repealing the same...." If the passage of a statute were not also required for entry into the Compact, the withdrawal provision of Article VIII(2) would be incongruously burdensome. We cannot conclude that the Compact's drafters intended such a disparity between entry into and withdrawal from the Compact, nor are we empowered to give the terms of the contract a meaning inconsistent with the drafters' clear intent. *See, e.g., Steuart,* 498 Pa. at 48–49, 444 A.2d at 661; *Felte,* 451 Pa. at 143–44, 302 A.2d at 351. Thus, we hold that the Compact becomes effective as to the Commonwealth only when the Legislature passes a statute adopting it. Any other construction would impermissibly strain the language of the contract beyond its plain meaning.

■ Notwithstanding the Compact's express language, PennDOT argues that, in passing Section 6146 of the Vehicle Code, 75 Pa.C.S. § 6146, the Legislature properly delegated to the Secretary of Transportation (Secretary) the authority to enter into the Compact. Overall, the Legislature may delegate policy making authority to an administrative agency, so long as the Legislature makes the "basic policy choices" and establishes "adequate standards which will guide and restrain the exercise of the delegated administrative functions." *Gilligan v. Pennsylvania Horse Racing Commission,* 492 Pa. 92, 96, 422 A.2d 487, 489 (1980) (citing *William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975); *Chartiers Valley Joint Schools v. County Board of School Directors of Allegheny County,* 418 Pa. 520, 211 A.2d 487 (1965); *Belovsky v. Redevelopment Authority of the City of Philadelphia,* 357 Pa. 329, 54 A.2d 277 (1947)). Here, PennDOT asserts that Section 6141 of the Vehicle Code, 75 Pa.C.S. § 6141, evinces the Legislature's basic policy choice to participate in interstate agreements regarding the regulation

of drivers,[6] and that Section 6146 adequately limits the Secretary's discretion in entering into such agreements, e.g., by specifically referring to the Compact. Thus, PennDOT concludes, by delegating to the Secretary the authority to enter into the Compact, the Legislature obviated the need to pass a statute enacting the Compact into law.

■ PennDOT's argument is unavailing, however, because it conflicts with the separation of powers mandated by the Pennsylvania Constitution. Article II, Section 1 provides that, "[t]he legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives;" and Article III, Section 1 provides that, "[n]o law shall be passed except by bill. . . ." In light of these constitutional provisions, "[i]t is axiomatic that the Legislature cannot constitutionally delegate the power to make law to any other branch of government or to any other body or authority." *Gilligan*, 492 Pa. at 95, 422 A.2d at 489 (citing *State Board of Chiropractic Examiners v. Life Fellowship of Pennsylvania*, 441 Pa. 293, 272 A.2d 478 (1971)).

In *Ruch v. Wilhelm*, 352 Pa. 586, 43 A.2d 894 (1945), this Court held that the power of "substantive enactment" is vested in the Legislature alone. Thus, the Court determined that, "[a]uthority may be given to a government official or an administrative agency to make rules and regulations to cover mere matters of detail for the implementation of a statute, but where the statute itself is lacking in essential substantive provisions the law does not permit a transfer of the power to supply them, for the legislature cannot delegate its power to make a law." *Id.*, at 592–93, 43 A.2d at 897.

6. Section 6141 of the Vehicle Code, entitled "Declaration of policy", provides that:

> It is the policy of this Commonwealth to promote and encourage the fullest possible use of its highway system by authorizing the making and execution of reciprocal agreements, arrangements and declarations with other states, provinces, territories and countries with respect to drivers licensed and vehicles registered in this and other states, provinces, territories and countries, thus contributing to the economic and social development and growth of this Commonwealth.

75 Pa.C.S. § 6141.

In this case, we view 75 Pa.C.S. § 6146(1) merely as a delegation of authority to implement the mechanics of the Compact in the Commonwealth. Pursuant to the Constitution's separation of powers, however, the Legislature could not. delegate to the Secretary the power to enact the Compact into law as required by its terms. Thus, while not unconstitutional, 75 Pa.C.S. § 6146(1) is insufficient to render the Compact effective as to the Commonwealth.

Indeed, the Legislature seemed to concede as much in passing Act No. 1996–149 (Act). Although the Secretary had purported to enter into the Compact effective January 1, 1995, on December 10, 1996, the Legislature passed the Act, which, *inter alia,* added Section 1581 to the Vehicle Code. That section sets forth the full text of the Compact and provides that, "[t]he Driver's License Compact is *hereby enacted into law* and entered into with all other jurisdictions legally joining therein...." 75 Pa.C.S. § 1581 (emphasis added). Had the Compact been enacted into law previously, the addition of 75 Pa.C.S. § 1581 would have been unnecessary. Thus, in enacting 75 Pa.C.S. § 1581, the Legislature anticipated our holding that the delegation of authority to the Secretary pursuant to 75 Pa.C.S. § 6146 was insufficient to effectuate the Commonwealth's entry into the Compact, and that a statute enacting the Compact into law would be necessary.[7]

In this case, however, PennDOT suspended Sullivan's license more than a year before the Legislature enacted the Compact into law pursuant to 75 Pa.C.S. § 1581. Consequently, PennDOT lacked the authority to suspend Sullivan's license

7. Note that the language of 75 Pa.C.S. § 1581 comports with other Pennsylvania statutes pursuant to which various interstate compacts and agreements have been enacted into law. *See, e.g.,* 3 P.S. § 214–41 (enacting Pest Control Compact); 24 P.S. § 2401.1 (enacting Interstate Agreement on Qualifications of Educational Personnel); 24 P.S. § 5401 (enacting Compact for Education); 32 P.S. § 816.1 (enacting Ohio River Valley Water Sanitation Compact); 32 P.S. § 817.1 (enacting Great Lakes Basin Compact); 35 Pa.C.S. § 7111 (enacting Interstate Civil Defense and Disaster Compact); 42 Pa.C.S. § 9101 (enacting Agreement on Detainers); 61 P.S. § 1062 (enacting Interstate Corrections Compact).

based on his out-of-state DUI conviction. The Order of the Commonwealth Court is therefore affirmed.