fore, the Orphans' Court did not have competent evidence to make a proper determination pursuant to Section 2511(b).

Moreover, this Court has noted that the termination should serve the best interests of the child. *In Re Bowman,* 542 Pa. 268, 666 A.2d 274 (1995). In *Bowman,* where this Court affirmed the Superior Court's decision to reverse an orphan's court order terminating a father's parental rights, Chief Justice Flaherty noted in the Opinion in Support of Affirmance as follows:

> Although the record demonstrates appellee is far from a good parent, appellee's conduct does not constitute quite the requisite clear, direct, weighty and convincing evidence which shows a settled purpose of relinquishment of parental claim for at least six months prior to the filing of the petition, and it is not clear that termination would serve the best interests of the child.

*Bowman,* 542 Pa. at 269, 666 A.2d at 275.

We cannot underestimate the importance of a child's relationship with his or her biological parent. Here, April D. does not seek to take the children from their home or family, but she is requesting visitation rights through which she may maintain a presence in the children's lives. This contact will allow the children to continue to feel loved by their mother and receive her guidance and nurturing. Further, it may preclude the children's painful search for their biological mother as a teen or an adult and the emotional injuries caused by the separation. *See generally,* Betty Jean Lifton, *Lost & Found: The Adoption Experience* (1988).

### CONCLUSION

Because the record lacks competent evidence that termination of April D.'s parental rights would serve the needs and welfare of Charles M. II and Ashley M., we find that the Orphans' Court erred in terminating those rights.

Accordingly, we reverse the Order of the Superior Court.

ZAPPALA, J., concurs in the result only.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Petitioner,**

v.

**John–Guillaume SABATIER, Respondent.**

Supreme Court of Pennsylvania.

March 31, 1998.

Timothy P. Wile, Asst. Counsel In-Charge, Harold H. Cramer, Asst. Chief Counsel, Andrew S. Gordon, Chief Counsel, Paul A. Tufano, General Counsel, for petitioner.

### ORDER

PER CURIAM:

AND NOW, this 31st day of March, 1998, the petition for allowance of appeal is denied in accordance with this Court's decision in *Sullivan v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing,* —— Pa. ——, 708 A.2d 481 (1998).

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Petitioner,**

v.

**John A. MEIKRANTZ, Respondent.**

Supreme Court of Pennsylvania.

March 31, 1998.

Timothy P. Wile, Asst. Counsel In-Charge, Harold H. Cramer, Asst. Chief Counsel, Andrew S. Gordon, Chief Counsel, Paul A. Tufano, General Counsel, for petitioner.

## *ORDER*

PER CURIAM:

AND NOW, this 31st day of March, 1998, the petition for allowance of appeal is denied in accordance with this Court's decision in *Sullivan v. Commonwealth, Department of Transportation, Bureau of Driver Licensing,* —— Pa. ——, 708 A.2d 481 (1998).

**Burke K. ADAMS, Respondent,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Petitioner.**

Supreme Court of Pennsylvania.

March 31, 1998.

Timothy P. Wile, Asst. Counsel In-Charge, Harold H. Cramer, Asst. Chief Counsel, Andrew S. Gordon, Chief Counsel, Paul A. Tufano, General Counsel, for petitioner.

## ORDER

PER CURIAM:

AND NOW, this 31st day of March, 1998, the petition for allowance of appeal is denied in accordance with this Court's decision in *Sullivan v. Commonwealth, Department of Transportation, Bureau of Driver Licensing,* —— Pa. ——, 708 A.2d 481 (1998).

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Petitioner,**

v.

**Thomas E. McCLENAHAN, Respondent.**

Supreme Court of Pennsylvania.

March 31, 1998.

Timothy P. Wile, Asst. Counsel In–Charge, Harold H. Cramer, Asst. Chief counsel, Andrew S. Gordon, Chief Counsel, Paul A. Tufano, General Counsel, for petitioner.

## ORDER

PER CURIAM:

AND NOW, this 31st day of March, 1998, the petition for allowance of appeal is denied in accordance with this Court's decision in *Sullivan v. Commonwealth, Department of Transportation, Bureau of Driver Licensing,* —— Pa. ——, 708 A.2d 481 (1998).