**Philip J. FRANTZ**

v.

**COMMONWEALTH of Pennsylvania, DE-PARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 24, 1998.

Decided June 9, 1998.

Timothy P. Wile, Asst. Counsel In-Charge, and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Francis X. O'Connor, Great Bend, for appellee.

Before COLINS, President Judge, SMITH, J., and LORD, Senior Judge.

LORD, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals an order of the Susquehanna County Court of Common Pleas that sustained an appeal of Phillip J. Frantz from a one-year suspension of his operating privilege.

Frantz, a Pennsylvania resident, was charged with violating N.Y. Veh. & Traf. Law § 1192(1) (relating to driving while ability impaired) (DWAI). He was later convicted of the charge in a New York court.

By notice dated September 25, 1997, the Department informed Frantz

> Section 1581 of the Vehicle Code requires the Department to treat certain out of state convictions as though they had occurred in Pennsylvania. Therefore, as a result of the Department receiving notification from NEW YORK of your conviction on 8/22/97 of an offense which occurred on 5/17/97, which is equivalent to a violation of Section 3731 of the Pa. Vehicle Code, DRIVING UNDER INFLUENCE, your driving privilege is being SUSPENDED for a period of 1 YEAR(S), as mandated by Section 1532B of the Vehicle Code.

Section 1581 of the Vehicle Code, 75 Pa. C.S. § 1581 sets forth the provisions of the Driver's License Compact of 1961 (Compact). Article III of the Compact [Reports of Conviction] states in part that "[t]he licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee." Article IV of the Compact [Effect of Conviction] partially sets forth:

> (a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:

> . . .

> (2) driving a motor vehicle while under the influence of intoxicating liquor or a

narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle....

. . .

(c) If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing in subdivision (a) of this article as being applicable to and identifying those offenses or violations of a *substantially similar nature* and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article.

(Emphasis added).

In sustaining Frantz's statutory appeal, the common pleas court relied on the rule of law enunciated in *Olmstead v. Department of Transportation, Bureau of Driving Licensing,* 677 A.2d 1285 (Pa.Cmwlth.1996), *affirmed per curiam,* 550 Pa. 578, 707 A.2d 1144 (1998), which states that a license suspension cannot be imposed by the Department for a conviction of the offense of driving while impaired within the State of New York. *Olmstead,* like this case, involved a violation by a Pennsylvania resident of New York's DWAI statute, which is a lesser included offense of New York's DWI statute. In *Olmstead,* this Court reversed the trial court's decision to uphold the imposition of a licensee's one-year license suspension, since we concluded that violations of New York's DWAI statute and Pennsylvania's DUI statute are not substantially similar offenses. We so concluded because New York's DWAI statute, which punishes any alcohol-related impairment in driving a motor vehicle, has no equivalent in the laws of this Commonwealth.

On appeal, the Supreme Court affirmed the reversal of the Department's suspension based, however, on its decision in *Sullivan v. Department of Transportation, Bureau of Driver Licensing,* 550 Pa. 639, 708 A.2d 481, (1998) and expressly without regard to the issue of whether the New York DWAI statute is substantially similar to Pennsylvania's DUI statute.

The Department in its brief states that no *Sullivan* issue exists here, since Frantz's conviction occurred after the effective date of the Compact.[1] It asks this Court to ignore the *Olmstead* case and rule that New York's DWAI law is substantially similar to Pennsylvania's DUI statute. In support of its argument, the Department offers decisions of other party states to the Compact that have found DWAI offenses similar to their DUI offenses. Of course, we are not bound by the rulings of other states when interpreting the Commonwealth's statutes, and are not persuaded by these cases to disavow the reasoning in *Olmstead.* Instead, we adhere to the authority of that case, and reaffirm the logical conclusion established in it, which states that New York's DWAI statute is not substantially similar to Pennsylvania's DUI statute.

Accordingly, we affirm the order of the common pleas court.

### ORDER

AND NOW, this 9th day of June, 1998, the order of the Susquehanna County Court of Common Pleas, dated December 4, 1997, No. 1997–00909 is hereby affirmed.

---

1. In *Sullivan,* the Supreme Court affirmed our decision, holding that the Department of Transportation lacked authority to suspend a licensee's license based on his out-of-state DUI conviction because the Compact was not in effect at the relevant time. The Compact, by its terms, was not effective until enacted into law by the participating states. On December 10, 1996, the Compact was enacted into law by our General Assembly and entered into with all other participating jurisdictions.