**Shannon PETROVICK**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 1, 1998.

Decided June 9, 1998.

Timothy P. Wile, Assistant Counsel In-Charge, and Harold H. Cramer, Assistant Chief Counsel, Harrisburg, for appellant.

Kelly M. Carrubba, Jermyn, for appellee.

Before COLINS, President Judge, SMITH, J., and LORD, Senior Judge.

LORD, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals an order of the Wayne County Court of Common Pleas that sustained an appeal of Shannon Petrovick from a one-year suspension of his operating privilege.

Petrovick, a Pennsylvania resident, was charged with violating N.Y. Veh. & Traf. Law § 1192(1) (relating to driving while ability impaired) (DWAI). He was later convicted of the charge in a New York court.

By notice dated June 10, 1997, the Department informed Petrovick:

> Section 1581 of the Vehicle Code requires the Department to treat certain out of state convictions as though they had occurred in Pennsylvania. Therefore, as a result of the Department receiving notification from NEW YORK of your conviction on 3/12/97 of an offense which occurred on 12/13/97, which is equivalent to a violation of Section 3731 of the Pa. Vehicle Code, DRIVING UNDER INFLUENCE, your driving privilege is being SUSPENDED for a period of 1 YEAR(S), as mandated by Section 1532B of the Vehicle Code.

Section 1581 of the Vehicle Code, 75 Pa. C.S. § 1581 sets forth the provisions of the Driver's License Compact of 1961 (Compact). Article III of the Compact [Reports of Conviction] states in part that "[t]he licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee." Article IV of the Compact [Effect of Conviction] partially sets forth:

> (a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:

> . . .

> (2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any

other drug to a degree which renders the driver incapable of safely driving a motor vehicle....

. . .

(c) If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing in subdivision (a) of this article as being applicable to and identifying those offenses or violations of a *substantially similar nature* and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article.

(Emphasis added).

The issues presented in this case are precisely the same issues that are raised in *Philip Frantz v. Department of Transportation, Bureau of Driver Licensing,* 713 A.2d 174 (Pa.Cmwlth.1998), which case we also decide today. In that case, we affirmed the order of the Susquehanna County Court of Common Pleas which sustained the statutory appeal of licensee from a one-year suspension of his operating privilege for his DWAI conviction in New York. In doing so, we reaffirmed the rule of law enunciated in *Olmstead v. Department of Transportation, Bureau of Driver Licensing,* 677 A.2d 1285 (Pa. Cmwlth.1996), *affirmed per curiam* 550 Pa. 578, 707 A.2d 1144 (1998), which states the conclusion that New York's DWAI law is not substantially similar to the DUI law of this Commonwealth.

Therefore, for the reasons given in the opinion of this Court in *Frantz,* we affirm the common pleas court's decision in this case.

### ORDER

AND NOW, this 9th day of June, 1998, the order of the Wayne County Court of Common Pleas, dated December 5, 1997, No. 312–CIVIL–1997, is hereby affirmed.