715 A.2d 387

**Wilborn Jack WHITLATCH, Appellee,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Supreme Court of Pennsylvania.

Resubmitted June 22, 1998.

Decided July 21, 1998.

Timothy P. Wile, Harrisburg, for PENNDOT.

Wilborn Jack Whitlatch, Pro Se.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

*OPINION OF THE COURT*

NEWMAN, Justice.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDOT) appeals from an Order of the Commonwealth Court that reversed an Order of the Court of Common Pleas of Greene County (trial court) dismissing Wilborn Jack Whitlatch's (Whitlatch) statutory appeal of an indefinite license suspension imposed pursuant to Section 1533(b) of the Vehicle Code, 75 Pa.C.S. § 1533(b).

## *FACTUAL AND PROCEDURAL HISTORY*

Whitlatch, a resident and licensed driver of Pennsylvania, was stopped and cited for speeding in Moundsville, West Virginia on October 12, 1995. The citation carried a forty-five dollar ($45.00) fine, and the City of Moundsville notified Appellee by mail on November 13, 1995 that if he failed to appear in court or pay the fine within ten days, the City would take action to have his driver's license suspended. Whitlatch did not respond to the notice, and, pursuant to Article III of the Nonresident Violator Compact of 1977 (1977 Compact), West Virginia authorities reported his noncompliance to PennDOT.

On March 29, 1996, pursuant to Article IV(a) of the 1977 Compact [1] and Section 1533(b) of the Vehicle Code, 75 Pa.C.S. § 1533(b),[2] PennDOT suspended Whitlatch's driver's license

---

1. Article IV(a) of the 1977 Compact provides that:

   Upon receipt of a report of a failure to comply from the licensing authority [of the jurisdiction in which the violation took place] to the issuing jurisdiction, the licensing authority of the home jurisdiction shall notify the motorist and initiate a suspension action, in accordance with the home jurisdiction's procedures, to suspend the motorist's driver's license until satisfactory evidence of compliance with the terms of the traffic citation has been furnished to the home jurisdiction licensing authority. Due process safeguards will be afforded.

2. 75 Pa.C.S. § 1533(b) provides that:

indefinitely. PennDOT notified Whitlatch that the suspension would not be lifted until he pled either guilty or not guilty to the West Virginia speeding charge. Whitlatch did not respond to the West Virginia citation, but instead filed a statutory appeal of his license suspension in the trial court.

On July 12, 1996, the trial court entered an Order denying Whitlatch's statutory appeal. Whitlatch appealed to the Commonwealth Court, and, in a Memorandum Opinion, the Commonwealth Court reversed the Order of the trial court and vacated Whitlatch's license suspension. The Commonwealth Court held that Section 6146 of the Vehicle Code, 75 Pa.C.S. § 6146,[3] was an unconstitutional delegation of legislative authority in violation of Article III, Section 1 of the Pennsylvania Constitution.[4]

On April 23, 1998, we issued an Opinion affirming the Order of the Commonwealth Court. PennDOT subsequently filed an Application for Reconsideration, which we granted on June 22, 1998. Having reconsidered the case, we now reverse the Order of the Commonwealth Court and reinstate the Order of the trial court.

## DISCUSSION

In *Sullivan v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing,* 682 A.2d 5, 8 (Pa.Cmwlth.1996), *affirmed,* 550 Pa. 639, 708 A.2d 481 (1998), the Commonwealth Court contrasted the provisions

[PennDOT] shall suspend the operating privilege of any person who has failed to respond to a citation, summons, or similar writ to appear before a court of competent jurisdiction of the United States or any state which has entered into an enforcement agreement with [PennDOT], as authorized under section 6146 (relating to enforcement agreements), for any violation of
the motor vehicle laws of such state....

3. 75 Pa.C.S. § 6146(1) provides that:
[The Secretary of Transportation] may enter into agreements relating to the enforcement of [the Vehicle Code], including, but not limited to: ... the Driver License Compact and any other agreements to notify any state of violations incurred by residents of that state....

4. Article III, Section 1 provides that, "[n]o law shall be passed except by bill...."

of the 1977 Compact with those of the Driver License Compact of 1961 (1961 Compact):

> Participation in the [1961] Compact is only by enactment. Article VIII of the [1961] Compact provides, "(1) This compact shall enter into force and become effective as to any state when it has enacted the same into law[,]" and "(2) [a]ny party state may withdraw from this compact by enacting a statute repealing the same...." [Citation omitted].... Participation in the [1961] Compact must be effected by enactment, and the [1961] Compact, by its own terms, is not effective until it is enacted into law.

> In contrast, [the 1977 Compact] provides for participation by resolution. Article VII of [the 1977 Compact] states that entry into the compact is made by resolution of ratification, executed by authorized officials of the applying jurisdiction, and including a citation of the authority by which the jurisdiction is empowered to become a party to the compact. If the [1961] Compact provided for such a procedure, the authorization in 75 Pa.C.S. § 6146 would be sufficient to permit [PennDOT] to join the [1961] Compact by agreement....

Although the foregoing discussion of the 1977 Compact constitutes dicta in *Sullivan,* we believe that the analysis is correct. Accordingly, we adopt it here.

■ Notwithstanding the provision of Article III, Section 1 of the Pennsylvania Constitution that, "[n]o law shall be passed except by bill ...," it is well established that, "the Legislature may delegate policy making authority to an administrative agency, so long as the Legislature makes the 'basic policy choices' and establishes 'adequate standards which will guide and restrain the exercise of the delegated administrative functions.'" *Sullivan,* 550 Pa. at 646, 708 A.2d at 484 (citations omitted). With respect to the 1977 Compact, Section 6146 of the Vehicle Code, 75 Pa.C.S. § 6146, meets these standards. Section 6141 of the Vehicle Code, 75 Pa.C.S. § 6141, evinces the Legislature's "basic policy choice" to participate in interstate agreements regarding the regulation of

drivers,[5] and Section 6146 adequately limits PennDOT's exercise of discretion by specifically enumerating the types of agreements that the Secretary of Transportation (Secretary) is authorized to enter into, e.g., "agreements to notify any state of violations incurred by residents of that state." 75 Pa.C.S. § 6146(1).

Thus, the Commonwealth Court erred in concluding that 75 Pa.C.S. § 6146 constitutes an unconstitutional delegation of lawmaking authority. Indeed, in *Sullivan,* we characterized Section 6146 "merely as a delegation of authority to implement the mechanics of the [1961] Compact in the Commonwealth." *Sullivan,* 550 Pa. at 648, 708 A.2d at 485. While the terms of the 1961 Compact preclude entry into that agreement by any means other than enactment of a statute, the 1977 Compact specifically provides for adoption by "resolution" of "authorized officials." Accordingly, unlike the 1961 Compact, the 1977 Compact became effective as to the Commonwealth upon the Secretary's proper publication thereof. *See* 10 Pa. Bull. 3416–19 (August 16, 1980).

## CONCLUSION

Because we hold that Section 6146 of the Vehicle Code, 75 Pa.C.S. § 6146, is not unconstitutional, we reverse the Order of the Commonwealth Court and reinstate the Order of the trial court suspending Whitlatch's license until such time as he demonstrates that he has responded to the West Virginia citation with a plea of either guilty or not guilty.

---

**5.** Section 6141 of the Vehicle Code, 75 Pa.C.S. § 6141, entitled "Declaration of policy", provides that:

It is the policy of this Commonwealth to promote and encourage the fullest possible use of its highway system by authorizing the making and execution of reciprocal agreements, arrangements and declarations with other states, provinces, territories and countries with respect to drivers licensed and vehicles registered in this and other states, provinces, territories and countries, thus contributing to the economic and social development and growth of this Commonwealth.