**Gary PAPPACENA**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 17, 1998.

Decided Aug. 17, 1998.

Timothy P. Wile, Asst. Counsel In–Charge, and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Michael E. Weinstein, Milford, for appellee.

Before DOYLE and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

FLAHERTY, Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Pike County (trial court) dated October 16, 1997, that sustained the appeal of Gary Pappacena (Pappacena) from a one-year suspension of his operating privilege. We affirm.

On May 7, 1997, Pappacena was convicted in the state of New York of the offense of Driving While Ability Impaired (DWAI).[1] Pursuant to Section 1581 of the Vehicle Code (Code), 75 Pa.C.S. § 1581, which sets forth the provisions of the Driver's License Compact of 1961 (Compact) and provides for reciprocal operating privilege suspensions, the Department suspended Pappacena's license for one year after New York, a party state to the Compact, reported his May 7, 1997, conviction. On June 20, 1997, the Department notified Pappacena that his license was suspended for one year pursuant to the Compact because it believed that his DWAI conviction in New York was essentially the same or substantially similar to the offense in

Pennsylvania of Driving Under the Influence of Alcohol, codified at Section 3731 of the Code, 75 Pa.C.S. § 3731. Pappacena appealed the suspension and the trial court sustained his statutory appeal. This appeal by the Department to this Court followed.

The sole issue raised by the Department for our review is whether the offense of Driving While Ability Impaired in New York state is substantially similar to Driving Under the Influence of Alcohol in Pennsylvania for purposes of suspending operating privileges pursuant to Article IV of the Driver's License Compact of 1961.[2]

The controlling law in this case can be found in *Olmstead v. Department of Transportation, Bureau of Driver Licensing,* 677 A.2d 1285 (Pa.Cmwlth.1996), *appeal granted,* 546 Pa. 698, 687 A.2d 380 (1997), *affirmed,* 550 Pa. 578, 707 A.2d 1144 (1998).[3] Like the instant case, *Olmstead* involved a violation by a Pennsylvania licensee of New York's DWAI statute, a lesser included offense of New York's Driving While Intoxicated (DWI) statute.[4] We rejected the Department's attempt at reciprocal operating privilege suspensions, explaining that "our DUI offense differs greatly from New York's DWAI offense, which punishes much less egregious conduct behind the wheel." *Id.* at 1287. We then specifically held that New York's DWAI offense is not "substantially similar" to Pennsylvania's DUI offense for purposes of reciprocal suspensions under the Compact. *Id.* at 1288.

Although the Department urges us, on the basis of decisions of other party states to the Compact, to revisit the *Olmstead* case, we

---

1. *See* N.Y. Vehicle & Traffic Law, Article 31, § 1192(1).

2. Our review of a common pleas court determination in a license suspension appeal is limited to deciding whether requisite findings of fact are supported by record evidence, and whether the court committed legal error or abused its discretion. *Commonwealth v. Danforth,* 530 Pa. 327, 608 A.2d 1044 (1992).

3. We recognize that the Supreme Court, in its *per curiam* order affirming *Olmstead,* did so only on the basis of its opinion in *Sullivan v. Department of Transportation, Bureau of Driver Licensing,* 550 Pa. 639, 708 A.2d 481 (1997) and without

regard to the issue of whether the New York offense of Driving While Ability Impaired is substantially similar to the Pennsylvania offense of Driving Under the Influence. The issue in *Sullivan* concerned whether the Compact was enacted into law at the time that the Department suspended or revoked a license based on an out-of-state conviction. We note that in the instant case Pappacena was convicted in New York of the offense of DWAI after the Compact was codified in this Commonwealth. Therefore, there is no *Sullivan* issue present in this case.

4. *See* N.Y. Vehicle & Traffic Law, Article 31, § 1192(2) and (3).

decline to do so. *Olmstead* has since been reaffirmed by this Court in *Snyder v. Department of Transportation, Bureau of Driver Licensing,* 701 A.2d 286 (Pa.Cmwlth.1997), *appeal denied,* —— Pa. ——, —— A.2d —— (No. 867 M.D. Alloc. Dkt.1997, March 31, 1998), *Frantz v. Department of Transportation, Bureau of Driver Licensing,* 713 A.2d 174 (Pa.Cmwlth.1998) and *Petrovick v. Department of Transportation, Bureau of Driver Licensing,* 713 A.2d 176 (Pa.Cmwlth.1998). Accordingly, we again adhere to the *Olmstead* authority and the order of the trial court is affirmed.

## ORDER

AND NOW, this 17th day of August, 1998, the order of the Court of Common Pleas of Pike County, No. 801–1997, dated October 16, 1997, is affirmed.