### Keith Casey CRYTZER

v.

### COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant.

Commonwealth Court of Pennsylvania.

Submitted Sept. 15, 2000.

Decided April 17, 2001.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Lawrence P. Lutz, Butler, for appellee.

Before SMITH, Judge, KELLEY, Judge RODGERS, Senior Judge.

SMITH, Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Butler County Court of Common Pleas that sustained Keith Casey Crytzer's appeal from a one-year suspension of his driving privileges and directed the Department to reinstate Crytzer's driving privileges. The Department contends that the trial court erred in concluding that the Florida driving under the influence (DUI) statute, Fla. Stat. § 316.193, is not substantially similar to Article IV(a)(2) of the Driver's License Compact (Compact), 75 Pa.C.S. § 1581, Art. IV(a)(2).

I

Crytzer was cited on February 14, 1999 for being in control of a vehicle with a blood alcohol level of 0.24 percent in Palm Beach, Florida. On July 22, 1999, Crytzer pleaded guilty to violating Fla. Stat. § 316.193. As a result, Florida suspended his driving privileges for six months and fined him $500. On October 19, 1999, the Department notified Crytzer that his driving privileges were being suspended in Pennsylvania for one year on account of his Florida conviction pursuant to Section 1532(b)(3) of the Vehicle Code, *as amend-*

ed, 75 Pa.C.S. § 1532(b)(3),[1] and the Compact, 75 Pa.C.S. § 1581. Crytzer appealed the Pennsylvania suspension to the trial court.

The trial court conducted a de novo hearing. The Department rested its case after introducing a certified packet of documents into evidence without objection. The documents included the notice of suspension, a record detail of Crytzer's Florida conviction and Crytzer's driving record. Crytzer briefly testified about the circumstances of his arrest and the consequences of his conviction. On March 17, the trial court sustained Crytzer's appeal, relying upon *Petrovick v. Department of Transportation, Bureau of Driver Licensing,* 559 Pa. 614, 741 A.2d 1264 (1999), to conclude that the Florida DUI statute provides for a "much lower threshold for culpability" and therefore is not substantially similar to Article IV(a)(2) of the Compact and cannot provide a basis for reciprocal license suspension. Trial Court Opinion, at p. 4. The trial court also held that Section 1586 of the Vehicle Code, 75 Pa. C.S. § 1586, represents an improper attempt by the legislature to alter the terms

of the Compact and is therefore a legal nullity.[2]

## II

The Compact is designed to promote compliance with laws relating to the operation of motor vehicles in the party states and to make the reciprocal recognition of drivers' licenses more just and equitable.[3] 75 Pa.C.S. § 1581, Art. 1. Article IV of the Compact provides for the reciprocal enforcement of certain convictions among the party states for purposes of suspension, revocation or limitation of a license to operate a motor vehicle. It states in pertinent part:

### Effect of Conviction

(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:

1. Section 1532(b)(3) provides in pertinent part:

    The department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance) or 3733 (relating to fleeing or attempting to elude police officer), or substantially similar offenses reported to the department under Article III of section 1581 (relating to Driver's License Compact), or an adjudication of delinquency based on section 3731 or 3733.

2. This Court's review of the trial court's order is limited to determining whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Xenakis v. Department of Transportation, Bureau of Driver Licensing,* 702 A.2d 572 (Pa.Cmwlth.1997).

3. The United States Congress authorized the states in 1958 to enter into a compact for the purpose of promoting safe driving on their highways; however, Congress repealed that legislation in 1966. *See Koterba v. Department of Transportation, Bureau of Driver Licensing,* 736 A.2d 761 (Pa.Cmwlth.1999) (discussing the history of the Compact). Various states joined the Compact before it was authorized by Congress, while it was authorized by Congress and after the Congressional authorization was repealed. Pennsylvania lawfully joined the Compact in 1996. *See Sullivan v. Department of Transportation, Bureau of Driver Licensing,* 550 Pa. 639, 708 A.2d 481 (1998). The Pennsylvania Supreme Court has upheld the constitutionality of the Compact against double jeopardy, equal protection and procedural due process challenges. *Department of Transportation v. McCafferty,* 563 Pa. 146, 758 A.2d 1155 (2000).

. . .

(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle;

. . . .

(c) If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing in subdivision (a) of this article as being applicable to and identifying those offenses or violations of a substantially similar nature and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article.

When initially confronted with cases where the Department revoked a motorist's driving privileges pursuant to Article IV(a)(2) of the Compact, this Court interpreted Article IV as requiring a comparison between the reporting state's DUI statute and the Pennsylvania DUI statute, 75 Pa.C.S. § 3731, to determine whether the two statutes were substantially similar. *See Fisher v. Department of Transportation, Bureau of Driver Licensing*, 709 A.2d 1008 (Pa.Cmwlth.1998). The Supreme Court, however, clarified the appropriate analysis in *Petrovick* and established a two-pronged analysis: first, the Pennsylvania statute must be evaluated to determine whether the offense in question is of a substantially similar nature to Article IV(a)(2) of the Compact; second, the out-of-state statute is evaluated to determine if it too is of a substantially similar nature to Article IV(a)(2). The Supreme Court held in *Petrovick* that the Pennsylvania DUI statute is substantially similar to Article IV(a)(2), satisfying the first prong of the test.[4]

On December 21, 1998, the General Assembly enacted Section 1586 of the Vehicle Code, 75 Pa.C.S. § 1586,[5] which provides in pertinent part:

The fact that the offense reported to the department by a party state may require a different degree of impairment of a person's ability to operate, drive or control a vehicle than that required to support a conviction for a violation of section 3731 shall not be a basis for determining that the party state's offense is not substantially similar to section 3731 for purposes of Article IV of the compact.

The trial court concluded that Section 1586 constitutes an unequivocal attempt by the Legislature to unilaterally alter the Compact's provisions and that its application would result in a total disregard for the language of out-of-state statutes regarding the threshold for culpability in a drunk driving case. The court relied upon this Court's discussion of interstate compacts in *Aveline v. Pennsylvania Board of Probation and Parole*, 729 A.2d 1254 (Pa. Cmwlth.1999), to conclude that the General Assembly lacks authority to amend the Compact.

---

**4.** As the language of the Pennsylvania DUI statute is nearly identical to the language of Article IV(a)(2), an out-of-state statute which is substantially similar in nature to Article IV(a)(2) may also be considered substantially similar in nature to the Pennsylvania DUI statute; however, the proper inquiry is the two-pronged analysis outlined by the Supreme Court. *Petrovick*, 559 Pa. at 623 n5, 741 A.2d at 1264 n5

**5.** Although Section 1586 was enacted before the Supreme Court decided *Petrovick*, the court did not consider Section 1586 because it was enacted after the petitioner's convictions and does not provide for retroactive enforcement.

■ The discussion in *Aveline*, however, is inapposite because that discussion relates to interstate compacts enacted pursuant to consent of the United States Congress. The Compact is not the sort of interstate agreement for which congressional approval is required. *Renna v. Department of Transportation, Bureau of Driver Licensing*, 762 A.2d 785 (Pa. Cmwlth.2000); *Koterba v. Department of Transportation, Bureau of Driver Licensing*, 736 A.2d 761 (Pa.Cmwlth.1999). Furthermore, to the extent that Section 1586 has unilaterally altered the Compact, it has done so in a way which results only in Pennsylvania giving effect to more out-of-state offenses. The Pennsylvania Supreme Court has held that a party state to an interstate compact may legislate with respect to matters covered by the compact so long as such legislative action is in approbation and not reprobation of the compact. *Henderson v. Delaware River Joint Toll Bridge Commission*, 362 Pa. 475, 66 A.2d 843 (1949). Section 1586 does not have any effect in reprobation of the duties that Pennsylvania undertook when joining the states which have enacted the Compact. Accordingly, the trial court erred in concluding that the General Assembly lacked authority to enact Section 1586.

## III

As previously mentioned, the Pennsylvania DUI statute is substantially similar in nature to Article IV(a)(2) of the Compact.

*Petrovick.* The remaining question therefore is whether Florida's DUI statute is substantially similar in nature to Article IV(a)(2). The Florida DUI statute requires that the driver be under the influence to the extent that the driver's normal faculties are impaired or that the driver have a 0.08 percent blood or breath-alcohol level.[6] Florida courts have held that being "under the influence" means more than just having consumed an alcoholic beverage. *See, e.g., Florida v. Brown*, 725 So.2d 441 (Fla.Dist.Ct.App.1999) (interpreting Fla. Stat. § 316.1933(1)). Florida's enactment of the Compact specifically states that Florida's DUI statute provides an offense for driving a motor vehicle under the influence of alcohol or any other drug which renders the driver incapable of safely driving a motor vehicle. Fla. Stat. § 322.44, Art. IV(1)(b).

Further guidance on the meaning of "under the influence" in the Florida DUI statute can be found in Fla. Stat. § 316.1934(1), which provides:

(1) It is unlawful and punishable as provided in chapter 322 and in s. 316.193 for any person who is under the influence of alcoholic beverages or controlled substances, when affected to the extent that the person's normal faculties are impaired or to the extent that the person is deprived of full possession of normal faculties, to drive or be in actual physical control of any motor vehicle within this state. Such normal faculties include, but are not limited to,

---

6.  The Florida DUI statute provides in part:
    Driving under the influence; penalties
    (1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if the person is driving or in actual physical control of a vehicle within this state and:
        (a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any sub-

stance controlled under chapter 893, when affected to the extent that the person's normal faculties are impaired;
    (b) The person has a blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters of blood; or
    (c) The person has a breath-alcohol level of 0.08 or more grams of alcohol per 210 liters of breath.

the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies, and, in general, normally perform the many mental and physical acts of daily life.

This description of the impairment of a person's normal faculties bears a striking resemblance to the Pennsylvania Supreme Court's description of the substantial impairment required for a conviction under the Pennsylvania DUI statute, which the court relied upon to hold that the statute is substantially similar to Article IV(a)(2) of the Compact. The court described substantial impairment as "a diminution or enfeeblement in the ability to exercise judgment, to deliberate or to react prudently to changing circumstances and conditions. Its meaning is not limited to some extreme condition of disability." *Petrovick,* 559 Pa. at 621, 741 A.2d at 1267–1268 (quoting *Commonwealth v. Griscavage,* 512 Pa. 540, 545, 517 A.2d 1256, 1258 (1986)).

■ The Court is convinced by these authorities that the language in the Florida DUI statute has the effect of defining an offense that is substantially similar in nature to Article IV(a)(2). This conclusion is consistent with the Court's decision in *Lafferty v. Department of Transportation, Bureau of Driver Licensing,* 735 A.2d 1289 (Pa.Cmwlth.1999), *appeal denied,* 563 Pa. 622, 757 A.2d 936 (2000), in which the Court reversed a trial court order that had sustained a driver's appeal from a suspension on grounds that the Florida DUI statute is not substantially similar to Article IV(a)(2). This Court noted that the driver did not dispute the Department's evidence that his blood alcohol content was measured at amounts more than sufficient to convict him under the Pennsylvania DUI statute.

Likewise, in the present case Crytzer did not dispute before the trial court the documents entered into evidence by the Department which record his blood alcohol level as 0.24 percent. Because Crytzer was convicted of an offense in Florida which is substantially similar in nature to Article IV(a)(2) of the Compact, the Department must give Crytzer's reported conduct the same effect as it would if such conduct had occurred in Pennsylvania. A blood alcohol level of 0.24 percent is more than sufficient to convict Crytzer under the Pennsylvania DUI statute and would have resulted in a suspension of his license pursuant to Section 1532(b)(3) of the Vehicle Code if the conduct had occurred in Pennsylvania. Accordingly, the trial court erred in sustaining Crytzer's license suspension appeal, and thus the trial court's order is hereby reversed.

*ORDER*

AND NOW, 17th day of April, 2001, the order of the Court of Common Pleas of Butler County is hereby reversed.

KELLEY, Judge, Dissenting.

I respectfully dissent.

In this case, Crytzer pleaded guilty to a violation of Section 316.193 of the Florida Statutes which provides, in pertinent part:

**316.193.** Driving under the influence; penalties

(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if the person is driving or in actual physical control of a vehicle within this state and:

(a) The person is under the influence of alcoholic beverages ... when affected to the extent that the person's normal faculties are impaired;

(b) The person has a blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters of blood;

(c) The person has a breath-alcohol level of 0.08 or more grams of alcohol per 210 liters of breath.

FLA. STAT. § 316.193.

In addition, Section 316.1934(1) of the Florida Statutes states, in pertinent part:

(1) It is unlawful and punishable as provided in . . . [Section] 316.193 for any person who is under the influence of alcoholic beverages . . . when affected to the extent that the person's normal faculties are impaired or to the extent that the person is deprived of full possession of normal faculties, to drive or be in actual physical control of any motor vehicle within this state. *Such normal faculties include, but are not limited to, the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies, and, in general, normally perform the many mental and physical acts of daily life.*

FLA. STAT. § 316.1934(1) (emphasis added).

Thus, the level of intoxication prohibited by Section 316.193 is not limited to that level which renders a driver incapable of safely driving a motor vehicle. Rather, the level of intoxication prohibited by Section 316.193 includes that level of impairment which affects one's normal faculties or one's ability to, *inter alia*, act in an emergency or normally perform the many mental and physical acts of daily life. *Id.* Thus, by statute, the level of intoxication prohibited by Section 316.193 encompasses a great deal more than merely the level at which one is incapable of safely driving.

Thus, the provisions of Section 316.913 are not "substantially similar" to the provisions of Article IV(a)(2) of the Driver's License Compact, 75 Pa.C.S. § 1581. *Petrovick v. Department of Transportation,* 559 Pa. 614, 741 A.2d 1264 (1999). As a result, Licensee's Pennsylvania driving privileges may not be suspended pursuant to the provisions of the Compact. *Id.* Accordingly, I would affirm the order of the trial court sustaining Licensee's appeal.[1]

1. I would also note that the majority's analysis of the provisions of Section 1586 of the Vehicle Code, 75 Pa.C.S. § 1586, is superfluous. Section 1586 provides, in pertinent part:

[T]he fact that the offense reported to the department by a party state may require a different degree of impairment of a person's ability to operate, drive or control a vehicle than that required to support a conviction for a violation of section 3731 shall not be a basis determining that the party state's offense is not substantially similar to section 3731 for purposes of Article IV of the compact.

However, as noted by the Supreme Court in *Petrovick,* the proper analysis is between the provisions of the foreign statute and the provisions of Article IV of the Compact, and not a direct comparison of the foreign statute and Section 3731 of the Vehicle Code. *See Petrovick,* 559 Pa. at 619–620, 741 A.2d at 1266–1267. Thus, the comparison envisioned by Section 1586 is completely irrelevant to a determination of whether or not Section 316.193 is "substantially similar" to the provisions of Article IV of the Compact.