**John Jacob SCHUETZ**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 19, 2000.

Decided June 14, 2000.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

Andrew G. Sykes, Mount Lebanon, for appellee.

Before PELLEGRINI, J., FLAHERTY, J. and McCLOSKEY, Senior Judge.

PELLEGRINI, Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDot) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) sustaining the statutory appeal of John J. Schuetz (Licensee) whose operating privilege had been suspended by PennDot for one year.

The facts of this case are not in dispute. On May 28, 1999, Licensee was convicted in the Daviess County, Kentucky, District Court of driving under the influence of alcohol on March 2, 1999. Upon receiving notification of this conviction, PennDot sent Licensee an official notice dated July 30, 1999, that his operating privilege was being suspended for one year pursuant to 75 Pa.C.S. § 3731 (relating to driving under the influence of alcohol) and the Pennsylvania Driver License Compact[1] as a result of his Kentucky conviction. The effective date of the suspension was to be September 3, 1999. Licensee filed a timely appeal with the trial court and a *de novo* hearing was held.

■ At the hearing, PennDot offered into evidence a packet of documents in accordance with the Vehicle Code, 75 Pa. C.S. § 1516(b),[2] which included a report from the Licensing Authority of Kentucky indicating that Licensee had been found guilty for operating a motor vehicle under the influence of alcohol in violation of Section 189A.010 of the Kentucky Revised Statutes. Licensee objected to their admission arguing that Kentucky was not a member of the Driver's License Compact. PennDot then offered a "Notice of Confirmation" form from the State of Kentucky to establish that Kentucky had entered the Compact. Licensee continued his objection to the admission of the documents arguing that the report of conviction from Kentucky did not contain the description of the violation, did not include the section of the statute violated, and that the language of the Kentucky statute was substantially different from Pennsylvania's

1. The Driver License Compact is an agreement among most of the states to promote compliance with each party state's motor vehicle law. Pennsylvania became a party state to the Compact in 1996 by adopting sections 1581–1585 of the Motor Vehicle Code.

2. 75 Pa.C.S. § 1516(b) provides:

(b) **Accidents and convictions.** The department shall file all accident reports and abstracts of court records of convictions received by it under the laws of this Commonwealth and maintain actual or facsimile records or make suitable notations in order that the records of each licensee showing convictions of the licensee, any departmental action initiated against the licensee regarding a reportable accident in which the licensee was involved, and the traffic accidents shall be available for official use. These records shall also be made available to the courts for sentencing purposes.

statute regarding driving under the influence of alcohol. PennDot responded by arguing that the conviction report described the offense as driving while intoxicated and cited Kentucky Revised Statute § 189A.010. It also argued that even though the Kentucky statute required an "appreciable degree of impairment," it was substantially similar to Pennsylvania's statute. The trial court did not allow the admission of any of the documents but took judicial notice that Kentucky had entered the Compact. It then sustained Licensee's appeal agreeing with Licensee, "that the Kentucky statute and the information provided to Pennsylvania did not provide sufficient grounds upon which to impose the suspension according to the mandates of the Compact." This appeal by PennDot followed.[3]

PennDot contends that the trial court erred in determining that the Kentucky driving under the influence statute was not substantially similar to Pennsylvania's statute.[4] Licensee, however, argues that we need not address that issue because Kentucky has not adopted the Compact and the trial court's "judicial notice" that Kentucky is a party state to the Compact is in error. Therefore, Pennsylvania had no authority to suspend his license.

 In order for PennDot to treat an out-of-state conviction as though it occurred in Pennsylvania, the out-of-state conviction must be from a state that has entered the Compact and enacted a statute to that effect.[5] *Sullivan v. Department of Transportation, Bureau of Driver Licensing*, 682 A.2d 5 (Pa.Cmwlth.1996), *affirmed*, 550 Pa. 639, 708 A.2d 481 (1998). The conviction of the licensee's offense then has to be reported from the party state to Pennsylvania. *Id.* Although not admitted by the trial court, PennDot contends that Kentucky's party status is established by the "Notice of Confirmation" which the trial court improperly failed to admit. However, on its face, the form should not have been admitted because not only was it lacking the signature and date of the appropriate party on the lines indicated to show that the Notice was received and the date it was sent to the Compact members, but it lacked any official seal from the State of Kentucky as required pursuant to 42 Pa.C.S. § 5328(a) pertaining to proof of official records.[6] Even if

3. Our scope of review of the trial court's decision sustaining Licensee's appeal is limited to determining whether its findings of fact are supported by competent evidence, whether it committed an error of law or whether it abused its discretion. *Kline v. Department of Transportation, Bureau of Driver Licensing*, 725 A.2d 860 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 560 Pa. 712, 743 A.2d 924 (1999).

4. PennDot also contends that the trial court erred by refusing to admit the documents it offered into evidence in accordance with the Vehicle Code. Because PennDot had the burden of establishing that the licensee was actually convicted of the violation and that it acted in accordance with the law when suspending his driving privilege, *Department of Transportation, Bureau of Driver Licensing v. Tarnopolski*, 533 Pa. 549, 626 A.2d 138 (Pa. 1993), the trial court erred by refusing to admit its documentation into evidence.

5. 75 Pa.C.S. § 1581(b)(2) provides that it is the policy of each of the party states to:

Make the reciprocal recognition of licenses to drive and eligibility therefor more just and equitable by considering the overall compliance with motor vehicle laws, ordinances and administrative rules and regulations as a condition precedent to the continuance or issuance of any license by reason of which the licensee is authorized or permitted to operate a motor vehicle in any of the party states.

6. 42 Pa.C.S. § 5328(a) provides the following:

(a) **Domestic record.** An official record kept within the United States, or any state, district, commonwealth, territory, insular possession thereof, or the Panama Canal Zone, the Trust Territory of the pacific islands, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that the officer has the custody. The certificate may be made by a judge of a court of record having jurisdiction in the governmental unit in

admitted, the Notice of Confirmation does not establish that Kentucky was a party to the Compact. The Notice only indicates that it has the authority to enter the Compact pursuant to Public Law 85–684 and that there is a "desired date of entry." Additionally, even though two provisions of the Kentucky Motor Vehicle Code are cited on the form—KRS 186.400 and KRS 186.005 [7]—those provisions do not authorize Kentucky to enter the Compact but merely provide regulations for the enforcement of the Motor Vehicle Code.

■ Finally, in *Hughes v. Registrar, Ohio Bureau of Motor Vehicles*, 79 Ohio St.3d 305, 681 N.E.2d 430 (1997), the Ohio Supreme Court found that Kentucky, a bordering state, was not a party state to the Compact. As to whether Kentucky has enacted the Compact since *Hughes* was decided, our own research has failed to turn up any indication that Kentucky has since then become a party state to the Compact. Moreover, PennDot, in its brief, has not set forth any provision of any law to prove that Kentucky has adopted the Compact. Because there is no evidence that Kentucky is a party state, PennDot had no authority to suspend Licensee's driving privileges because the evidence of a conviction in Kentucky had no reciprocity in Pennsylvania.

Accordingly, the decision of the trial court is affirmed.

---

which the record is kept, authenticated by the seal of the court, or by any public officer having a seal of office and having official duties in the governmental unit in which the record is kept, authenticated by the seal of his office.

7. KRS 186.400 provides the following:

(1) The administration of the provisions of KRS 186.400 to 186.640 not specifically vested in the Transportation Cabinet or the circuit clerks shall be vested in the Transportation Cabinet. The Transportation Cabinet may prescribe regulations for the enforcement of KRS 186.400 to 186.640, except that rules concerned with the functions and duties of the Transportation Cabinet provided in subsection (3) of this section shall be prescribed by the Transportation Cabinet. The Transportation Cabinet also shall enforce regulations governing the acts of the circuit clerks and motor vehicle operators under KRS 186.400 to 186.640 and require reports which it deems necessary.

(2) The cabinet shall provide or cause to be provided to appropriate persons or officials an adequate supply of forms for the administration of KRS 186.400 to 186.640. The style of those forms and the method of their use shall be prescribed by the cabinet and shall be adequate to protect the safety interests of the state. The Transportation Cabinet shall prescribe the method of financial control.

(3)(a) The Transportation Cabinet shall collect all moneys due the state from the circuit clerks for operators' licenses issued, and shall deposit those moneys with the state treasurer.

(b) At least once each year the secretary of the Transportation Cabinet shall cause a reconciliation to be made between the record by the Transportation Cabinet and the receipt of applications by the Transportation Cabinet.

KRS 186.005 provides the following:

(1) It is declared to be the policy of this Commonwealth that all commercial vehicles should be regulated, registered, and the laws pertaining thereto be administered by the Transportation Cabinet. Motor vehicles other than commercial vehicles should be registered, regulated, and controlled by the Transportation Cabinet and the Justice Cabinet.

(2) All motor vehicles registered under the provisions of KRS 186.050(1) shall be on an annual basis and evidenced by a license plate whose registration designation is a combination of three (3) letters of the alphabet and three (3) arabic numerical digits. These registration plates shall be issued for use during a multiyear period and validated for continued use the following year, or years, by affixing an appropriate insignia of plastic or adhesive material bearing the date of the new year.

(3) All motor vehicles registered under the provisions of KRS 186.050(3)(a), (4)(a), (5), (6), or (11) shall have registration plates issued for use during a multiyear period and validated for continued use the following year, by affixing an appropriate insignia of plastic or adhesive material bearing the date of the new year.

(4) The Transportation Cabinet may promulgate regulations and prepare the proper insignia and forms, which forms shall include information required by the Transportation Cabinet.

*ORDER*

AND NOW, this 14th day of June, 2000, the order of the Court of Common Pleas of Allegheny County is affirmed.