**James Howard SMITH**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted July 13, 2001.

Decided June 20, 2002.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

J. Timothy George, Erie, for appellee.

Before COLINS, President Judge, LEADBETTER, Judge, MIRARCHI, JR., Senior Judge.

OPINION BY Judge LEADBETTER.

The Department of Transportation, Bureau of Driver Licensing (Department), appeals from the order of the Court of Common Pleas of Erie County that sustained James Howard Smith's appeal from a one-year license suspension imposed as a result of Smith's conviction in Kentucky for driving under the influence of alcohol. Common pleas sustained Smith's appeal due to the lack of evidence that Kentucky is a member of and has enacted the Driver License Compact. After review, we affirm.

In January of 2000, Smith was convicted of driving under the influence in violation of Kentucky Revised Statute § 189A.010. Kentucky's licensing authority notified the Department of Smith's conviction, which in turn, notified Smith that his operating privilege was suspended for one year pursuant to Section 1532(b) of the Vehicle Code, 75 Pa.C.S. § 1532(b). Smith appealed and a hearing *de novo* before common pleas followed. In conjunction with other documentary evidence offered in support of its case, the Department offered into evidence a photocopy of a letter, certified by the Director of the Department's Bureau of Driver Licensing. The letter, dated June 21, 1996, and written on American Association of Motor Vehicle Administrators' letterhead (hereinafter the AAMVA letter),[1] was addressed to Charles Brown, Director of Kentucky's Division of Driver Licensing and signed by Michael Calvin, DLC Secretariat and Director of Driver Services. The letter stated in, pertinent part, "On behalf of [the] Chairman of the DLC/NRVC Executive Board, I am pleased to confirm Kentucky's entry into the Drivers License Compact (DLC). Compact regulations require 60 days notice to member jurisdictions. Therefore, your effective entry date is August 26, 1996." Common pleas held that the AAMVA letter was insufficient to demonstrate Kentucky's entrance into and enactment of the Compact and sustained the appeal without addressing the other issues raised. The present appeal followed.

In a similar appeal, *Schuetz v. Department of Transportation, Bureau of Driver Licensing*, 753 A.2d 915, 917 (Pa.Cmwlth. 2000), we held that the Department was precluded from treating a conviction in Kentucky for driving under the influence of alcohol as though it occurred in Pennsylvania since there was insufficient evidence demonstrating that Kentucky had adopted the Compact. In *Schuetz*, the Department offered a "Notice of Confirmation" as evidence that Kentucky had enacted the Compact. We concluded that the Notice was insufficient because it indicated only that Kentucky had the authority to enact the Compact. There was no evidence, however, that Kentucky had, in

---

1. The American Association of Motor Vehicle Administrators is located in Arlington, Virginia.

fact, enacted the Compact.[2] In addition, the court in *Schuetz* further relied upon *Sullivan v. Department of Transportation, Bureau of Driver Licensing*, 550 Pa. 639, 708 A.2d 481 (1998), to opine that Kentucky could become a party to the compact only through legislation.

In *Sullivan* our Supreme Court noted that as a contract between States, the Compact's terms must be interpreted according to their plain meaning. *Id.* at 645, 708 A.2d 481. Article VIII of the Compact dictates that it "shall enter into force and become effective as to any state when it has enacted the same into law." 75 Pa. C.S. § 1581. As the Supreme Court noted, "enactment" is "[t]he method or process by which a bill in the Legislature becomes law." *Id.* at 645–46, 708 A.2d at 484, quoting Black's Law Dictionary 526 (6th ed.1990). Similarly, a party State may withdraw from the Compact by "enacting a statute repealing the same." 75 Pa.C.S. § 1581. Based upon the requirement of "enactment" to enter into and withdraw from the Compact, the Supreme Court concluded that the Compact was not yet effective in Pennsylvania because the legislature had not enacted a statute specifically adopting the Compact. As a result, the court concluded that common pleas properly sustained the licensee's appeal. *See also Scott v. Department of Transp., Bureau of Driver Licensing*, 567 Pa. 631, 633, n. 1, 790 A.2d 291, 292, n. 1 (2002). Here, as in *Schuetz*, the Department has failed to direct us to any legislation enacted by Kentucky adopting the Compact, and our own research confirms the absence of any such statutes.

The Department puts forward two arguments in an attempt to distinguish *Schuetz*. First, it contends that *Sullivan*

has been superceded by our Supreme Court's decision in *Department of Transportation v. McCafferty*, 563 Pa. 146, 758 A.2d 1155 (2000), which states that the Compact should be construed broadly to effectuate its purposes. The Department further argues that in *McCafferty*, the Supreme Court opined that the Commonwealth has an interest in protecting its citizens from licensed Pennsylvania drivers who are convicted of driving under the influence of alcohol in another jurisdiction and that such drivers violate the sovereignty of the Commonwealth when they drive under the influence in another State. *McCafferty*, however, does not touch upon the issue at hand, and therefore does not conflict with or undermine the premise announced in *Sullivan* that a State must pass legislation to become a party to the Compact and authorized to enforce its provisions.

The Department also argues that the Full Faith and Credit Clause of the United States Constitution requires that we accept the manner in which Kentucky has entered the Compact. The Full Faith and Credit Clause provides:

> Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

U.S. Const. Art. IV, § 1. Pursuant thereto, the following was enacted:

> Such Acts [of the legislature of any State], records and judicial proceedings [of any court of any such State] or copies thereof, so authenticated, shall have the same full faith and credit in every

---

**2.** We also noted in *Schuetz* that our own research failed to indicate that Kentucky had adopted the Compact.

court within the United States ... as they have by law or usage in the courts of such State ...

28 U.S.C. § 1738. However, we have not been directed to any statute, record or judicial proceeding from Kentucky which we might recognize. If competent evidence, case law or other record of which we could take judicial notice showed that Kentucky had taken some action to join the Compact (other than by legislation) which Kentucky law recognized as valid, an interesting issue would be presented whether Kentucky or Pennsylvania law [*i.e., Sullivan*] would control the issue. However, we have been presented with insufficient factual basis to make the legal question relevant. We do not know what official action, if any, Kentucky has taken, let alone whether it is recognized by Kentucky law as a proper way to become a member State. All we have is a letter from an entity of unknown authority stating that in its opinion, Kentucky has entered the Compact in some unspecified manner.[3] Common pleas admitted this evidence, but found it to be insufficient to establish the factual foundation upon which to base a conclusion that Kentucky is a party to the Compact.[4] We agree.

Accordingly, the order of the court of common pleas is affirmed.

### ORDER

AND NOW, this 20th day of June, 2002, the order of the Court of Common Pleas of Erie County in the above captioned matter is AFFIRMED.

---

3. The record is devoid of any evidence regarding the nature of AAMVA. The AAMVA website (which is obviously *de hors* the record) describes the organization as a voluntary, nonprofit, tax-exempt, educational organization representing "the state and provincial officials in the United States and Canada who administer and enforce motor vehicle laws. The association's programs encourage uniformity and reciprocity among the states and provinces, and liaisons with other levels of government and the private sector." *See* www.aamva.org/about/

4. As the opinion is written, it is not possible to ascertain whether common pleas weighed the evidence as fact-finder and found it unpersuasive, or concluded that it was insufficient as a matter of law. Although we would apply different standards of review to these alternative determinations, we find no error under either the substantial evidence or plenary review standard.