162 P.3d 936 (2007)
2007 OK CIV APP 47
James W. ROBERTSON, Petitioner/Appellant,
v.
STATE of Oklahoma ex rel. DEPARTMENT OF PUBLIC SAFETY, Respondent/Appellee.
No. 103,312.
Court of Civil Appeals of Oklahoma, Division No. 4.
January 30, 2007.
Certiorari Denied April 30, 2007.
Kevin D. Buchanan, Garrison, Brown, Carlson & Buchanan, Bartlesville, OK, for Appellant.
Margaret C. Farish, Department of Public Safety, Oklahoma City, OK, for Appellee.
Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 3.
JERRY L. GOODMAN, Judge.
¶ 1 Licensee James W. Robertson appeals the trial court's April 11, 2006, order affirming the revocation of his Oklahoma operator *937 license effective May 11, 2006. The Oklahoma Department of Public Safety (DPS) revoked his license after receiving notice that his driving privileges in Tennessee had been revoked by that state after a conviction there for driving while intoxicated. Based upon our review of the facts and applicable law, we affirm.

FACTS
¶ 2 The parties stipulated that Licensee was convicted in Tennessee of driving under the influence of alcohol. His driving "license, driving privileges, and privilege to obtain a license" were revoked, pursuant to a letter dated September 28, 2005, sent to him by the Tennessee Department of Safety. The suspension was to remain effective until August 18, 2006, if certain conditions were met. The parties stipulated in a January 18, 2006, Washington County District Court hearing that "the offense for which the petitioner was convicted in Tennessee, that being a driving under influence [sic], was a statute which is the same or similar to the one which is in the State of Oklahoma and would result or be grounds for the suspension or revocation of his driving privileges here."
¶ 3 Tennessee, which is not a member of the Driver License Compact, 47 O.S.2001, §§ 781 through 787 (Compact), notified Oklahoma, which is a member of the Compact, of its revocation of Licensee's driving privileges. Oklahoma then notified Licensee that his Oklahoma operator license would likewise be revoked in this state, effective November 26, 2005. Licensee objected to the Oklahoma revocation on the grounds that suspension of driving privileges by a non-Compact member state was not grounds to revoke his Oklahoma license. After exhausting his administrative remedies, Licensee filed a petition in Washington County District Court objecting to the Oklahoma revocation. The trial court, following a hearing, sustained the revocation in an order filed April 11, 2006, ordering the revocation to begin May 11, 2006. Licensee appeals.

STANDARD OF REVIEW
¶ 4 The issue presented is a legal one: Is there statutory authority for the trial court's decision to affirm the revocation of Licensee's license? Licensee only appeals the statutory basis for the revocation. When we review a trial court's legal conclusion or its interpretation of a statute, or when reviewing a pure issue of law, we use the de novo standard of appellate review. Villines v. Szczepanski, 2005 OK 63, ¶ 8, 122 P.3d 466, 470; Booth v. McKnight, 2003 OK 49, ¶ 12, 70 P.3d 855, 860. We claim for ourselves plenary, independent, and non-deferential authority to reexamine a trial court's legal rulings. Kluver v. Weatherford Hosp. Auth., 1993 OK 85, ¶ 14, 859 P.2d 1081, 1083.

ANALYSIS
¶ 5 Licensee states the Legislature passed 47 O.S.2001, § 6-203 in 1961, which provides:
The Department shall suspend or revoke the license or driving privilege of any resident of this state or the privilege of a nonresident to drive a motor vehicle in this state upon receiving notice of the conviction of such person in another state of offenses therein which, if committed in this state, would be grounds for the suspension or revocation of the individual's driving privilege. An appeal may be had from such order of suspension, as provided in Section 47-6-211 of this title. (Emphasis added.)
Section 6-203 authorizes DPS to revoke an Oklahoma-issued operator's license whenever it receives notice of revocation from any state for an offense which is sufficient in this state to revoke the license. The parties stipulated that such is the case here.
¶ 6 Licensee next states the Compact was adopted by the Legislature in 1967.[1] He argues that pursuant to Article III of the *938 Compact, a member state must report to another member state any convictions or revocations affecting a driver's license.[2] However, the Compact makes no provision for revoking a license based on information obtained by a non-member state. He stresses that the purpose of the Compact is to provide reciprocity between member states to enforce any license restrictions. Licensee argues that because it is presumed that the Legislature did not do a senseless or redundant act by adopting the Compact in 1967, its intent was to modify or amend § 6-203 so as to prohibit a license from being revoked in a member state based on information received from a non-member state. Licensee argues that the trial court based its revocation of his Oklahoma license not on the Compact but on § 6-203, a statute which was modified by the Compact to prohibit the revocation of a license based on information provided by a non-member state. He cites two Pennsylvania cases, Schuetz v. Commonwealth of Pennsylvania, 753 A.2d 915 (Comm.Ct.Penn., 2000) and Smith v. Commonwealth of Pennsylvania, 800 A.2d 1004 (Comm.Ct.Penn., 2002), for the proposition that Pennsylvania, a Compact member state, would not revoke the license of its citizen based on information obtained from Kentucky, a non-member state.
¶ 7 We disagree. Article VI of the Compact, titled "Applicability of Other Laws," states:
Except as expressly required by provisions of this Compact, nothing contained herein shall be construed to affect the right of any party state to apply any of its other laws relating to licenses to drive to any person or circumstance, nor to invalidate or prevent any driver license agreement or other cooperative arrangement between a party state and a nonparty state. (Emphasis added.)
Further, 47 O.S.2001, § 786 of the Compact provides:
The Department of Public Safety shall enforce the provisions of Article IV of this Compact under authority granted by 47 O.S.1961, §§ 6-202, 6-203, 6-205 and 6-206. (Emphasis added.)
¶ 8 The Legislature provided that, in the event of a conflict between the Compact or any other "cooperative arrangement" and existing state laws, the existing state laws would prevail. Further, the Compact specifically incorporates existing state law, without amendment, to accomplish the purposes and policies of the Compact. Thus, contrary to Licensee's argument, the Compact specifically states that an existing state law, such as § 6-203, which permits DPS to revoke a license based on information provided by any state, regardless of its membership in the Compact, remains valid authority to revoke the license. By its own terms, the Compact is meant to supplement, but not replace, existing state laws regarding revocation of Oklahoma licenses for out-of-state offenses. We find no merit to Licensee's proposition of error.
¶ 9 We further find no merit to Licensee's cited authority. Pennsylvania law requires action be taken only on revocation information provided by compact member states. Because Kentucky was not a member state, Pennsylvania, by statute, could not revoke the licensee's license. Oklahoma has no such law and the cases are clearly distinguishable.
¶ 10 Licensee next contends by suspending his license in Tennessee and Oklahoma, requiring him to pay fines and penalties in each state, and submit reinstatement fees to both states, that this is exactly the kind of double penalty the Compact was designed to avoid. He contends that he should not be subjected to the duplicate penalties.
¶ 11 Again, we disagree. Despite the Tennessee Department of Safety's ostensible notice that it was revoking Licensee's "license, driving privileges, and privilege to obtain a license," we note that Tennessee was not the issuing state of the operator license. While it can certainly revoke Licensee's driving privileges within its borders, and can prohibit any attempt by Licensee to obtain a Tennessee license, it has no authority to revoke his *939 Oklahoma operator's license. That authority can only be exercised by this state. His driver's license is only being revoked once, by Oklahoma, the issuing state. Further, DPS is assessing only one fine for reinstatement of his license. Tennessee may require a fine be paid for the resumption of his driving privileges in Tennessee, but this does not constitute trial court error. Finally, the Compact does not impinge on DPS's authority to take whatever action it deems necessary, as authorized by statute, to enforce Oklahoma's driver license regulations. Section 6-203 requires his license be revoked without regard to any other action taken against his driving privileges in another state.
¶ 12 The trial court's order is affirmed.
¶ 13 AFFIRMED.
GABBARD, P.J., and REIF, J., concur.
NOTES
[1] The Compact was adopted to facilitate the transfer of information between member states regarding the validity of any driver's license or revocation of driving privileges in the member states. Member states are committed to report any actions they take regarding the driving privileges to the licencee's home state. Enforcement of laws or imposition of penalties by the home state is left to that state's discretion.
[2] Article III of the Compact states, in part: "The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. . . ."