616 A.2d 201

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,

v.

Richard P. DOYLE, Appellee.

Commonwealth Court of Pennsylvania.

Submitted July 24, 1992.

Decided Oct. 15, 1992.

David R. White, Asst. Counsel-in-Charge of Appellate Section, for appellant.

No appearance for appellee.

Before CRAIG, President Judge, and PELLEGRINI, J., and BLATT, Senior Judge.

BLATT, Senior Judge.

The Pennsylvania Department of Transportation (Department) appeals from the March 7, 1991 order of the Court of Common Pleas of Allegheny County (trial court) which remanded the appeal from the revocation of the operating privilege of Richard P. Doyle (licensee) for an "add-on" period of two years under Section 1542(e) of the Vehicle Code (Code), 75 Pa.C.S. § 1542(e).[1]

On three occasions between February 24, 1986 and February 6, 1988, the licensee was convicted of violating Section 1543 of the Code (driving while operating privilege is revoked/suspended). 75 Pa.C.S. § 1543. Because the three violations occurred within a five year period, he was determined to be a habitual offender and his operating privilege was revoked for a period of five years under Section 1542. 75

---

1. Although normally a remand order is interlocutory and not appealable, an order which effectively settles the issue by directing the agency to perform a ministerial act which moots the matter is "final" for purposes of appellate review. *Cf. Dep't of Environmental Resources v. Big B Mining Co.,* 123 Pa.Commonwealth Ct. 591, 554 A.2d 1002 (1989); *Clapsaddle v. Bethel Park School Dist.,* 103 Pa.Commonwealth Ct. 367, 520 A.2d 537 (1987). The order here directed the Department to "correct the record" which the Department had certified and offered to sustain its burden of proof. Moreover, had it complied with the remand order any subsequent appeal by the Department would be quashed because it cannot be aggrieved by its own actions.

Pa.C.S. § 1542(a), (b), (d). The licensee did not appeal this revocation or the underlying convictions. The licensee was subsequently convicted on August 15, 1990 of a fourth violation of Section 1543. By official notice the Department imposed a two year "add-on" revocation under Section 1542(e).[2] The licensee appealed from the "add-on" revocation.

Before the trial court, the Department offered the certified record of the licensee's four Section 1543 convictions. The licensee's counsel argued that the Department's record was erroneous because in 1984 the licensee had paid a restoration fee and, upon being charged with a Section 1543 violation that same year, contacted the Department and contended that his operating privilege was not under suspension.[3] In support of his argument, the licensee's counsel showed the trial judge a cancelled check in payment of the restoration fee, but neither the check nor any alleged letters to the Department were offered by the licensee's counsel into evidence.[4] The licensee did not testify. The trial judge subsequently entered a remand order directing the Department to "correct the record." The Department appeals from this order.[5]

In a license revocation appeal, the trial court is limited to a determination of whether the driver was convicted and whether the Department acted in accordance with the

2. 75 Pa.C.S. § 1542(e) which provides that "any additional offenses committed within a period of five years shall result in a revocation of an additional period of two years."

3. The certified record indicates the restoration of the licensee's operating privilege on September 14, 1984. However, the disputed Section 1543 conviction occurred on August 14, 1984. The effective date of the six month suspension imposed upon this conviction was January 1, 1986. The first of the Section 1543 violations relevant to this proceeding occurred on February 24, 1986.

4. Without an offer to and admission by the court, counsel's mere display of a cancelled check and bare statement that letters were sent do not constitute evidence. *Dep't of Transp., Bureau of Driver Licensing v. McCrea,* —— Pa. ——, 526 A.2d 474, *aff'd on reh'g,* 110 Pa.Commonwealth Ct. 261, 532 A.2d 72 (1987).

5. Our scope of review on appeal is limited to determining whether the findings of fact are supported by competent evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Dep't of Transp., Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989).

statute. *Martino v. Commonwealth,* 116 Pa.Commonwealth Ct. 200, 541 A.2d 425 (1988). The relevant inquiry is not whether the driver should have been convicted of the underlying offense, but whether he was convicted. *Dep't of Transp., Bureau of Driver Licensing v. Barrett,* 117 Pa.Commonwealth Ct. 485, 543 A.2d 636 (1988).

■ The only matter under appeal here is the two year "add on" revocation imposed upon the licensee's conviction of his fourth Section 1543 violation within a five year period. The Department met its burden of proving the requisite convictions to support this suspension. The licensee simply made an impermissible collateral attack of the underlying conviction and did not otherwise rebut the offered certified record. We conclude, therefore, that the trial court erred in remanding the case. Accordingly, the order of the trial court is reversed and the suspension is reinstated.

## ORDER

AND NOW, this the 15th day of October, 1992, the order of the Court of Common Pleas of Allegheny County is hereby reversed and the two year revocation of Richard P. Doyle's operating privilege under Section 1542(e) is reinstated.