**Jeffrey Ronald FETTY, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 10, 2001.

Decided Sept. 27, 2001.

As Amended Oct. 2, 2001.

**238**

John M. Zeglen, Uniontown, for appellant.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellee.

Before SMITH, Judge, KELLEY, Judge, and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Jeffrey Ronald Fetty (Licensee) appeals from the February 15, 2001 order of the Court of Common Pleas of Fayette County (trial court) denying his statutory appeal of a five-year revocation of his operating privilege pursuant to Section 1542(a) of the Vehicle Code (Code),[1] relating to habitual offenders. We affirm.

By letter dated October 14, 2000, the Department of Transportation, Bureau of Driver Licensing (Department) informed Licensee that as a result of his third conviction for driving under the influence (DUI),[2] it was designating him as a habitual offender under Section 1542(a) of the Code and revoking his operating privilege for a period of five years. Licensee filed a timely appeal claiming that he had not received the requisite number of Pennsylvania convictions within a five-year period to be classified as a habitual offender.

At a *de novo* hearing, the Department introduced into evidence certified documents demonstrating that Licensee was admitted into the Washington County Accelerative Rehabilitative Disposition (ARD) program on October 9, 1997 for DUI,[3] that he was convicted of DUI on August 4, 2000 in Fayette County and that he was convicted of DUI on March 8, 2000 in West Virginia.[4]

Licensee objected to the introduction of the West Virginia abstract of judgment evidencing his DUI conviction in that state. He maintained that the West Virginia conviction could not be considered a conviction under Section 1542(b) of the Code,[5] which sets forth those offenses that

---

1. 75 Pa.C.S. § 1542(a).

2. 75 Pa.C.S. § 3731.

3. Pursuant to Section 1542(c) of the Code, acceptance into an ARD program for any of the offenses enumerated in Section 1542(b) shall be considered a major offense for determining habitual offender status under Section 1542(a). 75 Pa.C.S. § 1542(c).

4. W. Va.Code, § 17C–5–2.

5. That section provides as follows:
 **(b) Offenses enumerated.**—Three convictions arising from separate acts of any one or more of the following offenses committed by any person shall result in such person being designated as a habitual offender:
 (1) Any violation of Subchapter B of Chapter 37 (relating to serious traffic offenses).
 (2) Any violation of section 3367 (relating to racing on highways).
 (3) Any violation of section 3742 (relating to accidents involving death or personal injury).
 (3.1) Any violation of section 3742.1 (relating to accidents involving death or personal injury while not properly licensed).

may give rise to habitual offender status if convictions for any three enumerated offenses occur within a five-year period. The trial court disagreed and, accordingly, denied Licensee's appeal.

On review, Licensee presents several issues for our consideration: (1) whether the trial court erred in concluding that Licensee's West Virginia conviction counts as a violation under Section 1542(b) of the Code that may result in habitual offender status; (2) whether the trial court erred in determining that the Department sustained its burden of demonstrating that the West Virginia DUI statute is substantially similar to a conviction under Section 3731 of the Code; (3) whether the trial court erred in denying Licensee's appeal where the Department failed to properly notify Licensee of the revocation of his operating privilege; and (4) whether the trial court erred in denying his appeal where no evidence was presented that the West Virgi-

nia abstract of judgment included information required by the Driver's License Compact (Compact).[6]

 We begin by noting that Licensee has waived issues two, three and four because he failed to raise them before the trial court. Pa. R.A.P. 302(a) states that issues not raised in the lower court are waived and cannot be raised for the first time on appeal. *See Department of Transportation, Bureau of Driver Licensing v. Boros*, 533 Pa. 214, 620 A.2d 1139 (1993).[7]

 In the remaining issue, Licensee maintains that the trial court erred in concluding that his West Virginia DUI conviction counted as a violation under Section 1542(b) of the Code that resulted in his designation as a habitual offender.[8] Section 1542(a) of the Code provides as follows:

---

(4) Any violation of section 3743 (relating to accidents involving damage to attended vehicle or property).
75 Pa.C.S. § 1542(b).

**6.** 75 Pa.C.S. §§ 1581–1586.

**7.** Notwithstanding, our review of the record reveals that these issues lack merit. Issues two and four attack the validity of suspension of Licensee's operating privilege based on the West Virginia DUI conviction. The Department notified Licensee by letter dated May 19, 2000 that his operating privilege was being suspended for a period of one year due to his DUI conviction in West Virginia. No appeal was taken and, therefore, Licensee cannot collaterally attack the validity of that suspension in these proceedings. *See generally Department of Transportation, Bureau of Driver Licensing v. Doyle*, 151 Pa.Cmwlth. 171, 616 A.2d 201 (1992).

Issue three claims that the Department denied Licensee due process because the notice of revocation did not reference the West Virginia DUI or the Compact. "Due process is afforded in administrative proceedings when the accused is informed with a reasonable

degree of certainty of the substance of the charges against him so that he may adequately prepare a defense." *Department of Transportation v. Sutton*, 541 Pa. 35, 41, 660 A.2d 46, 49 (1995) (citations omitted).

Presently, the Department's October 14, 2000 notice of revocation to Licensee stated that because he had been convicted of three major violations of the Code with a five-year period, it was designating him as a habitual offender and revoking his operating privilege for the statutory period. Licensee was not mislead or prevented from preparing a proper defense. Six months previously, the Department notified Licensee that his operating privilege was suspended for one year as a result of his West Virginia DUI conviction. That letter, dated May 19, 2000, specifically references the Compact and the March 8, 2000 West Virginia DUI conviction. Licensee offered no testimony indicating that he was unaware of the three DUI convictions leading to the Department's actions.

**8.** When only questions of law are presented, our review of the habitual offender provisions of the Code is plenary. *Deliman v. Department of Transportation, Bureau of Driver Licensing*, 718 A.2d 388 (Pa.Cmwlth.1998).

**(a) General rule.**—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A "habitual offender" shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

75 Pa.C.S. § 1542(a).

Licensee does not dispute that his participation in the Washington County ARD program and his Fayette County DUI conviction are properly included as two of the three necessary convictions under Section 1542(a) of the Code. He maintains, however, that the West Virginia DUI conviction cannot be considered a "conviction" under Section 1542(b) because the language of that section does not include offenses that are "substantially similar" to the Pennsylvania DUI statute found in 75 Pa.C.S. § 3731.

In support of his position, Licensee directs our attention to Section 1532 of the Code.[9] In subsection (b)(3), the General Assembly specifically stated that the Department shall suspend the operating privilege of any driver for twelve months upon receiving a certified record of the driver's conviction for any "substantially similar offenses reported to the department under Article III of section 1581 (relating to Driver's License Compact)...." 75 Pa.C.S. § 1532(b)(3). The language "substantially similar offenses" does not appear in the habitual offender provisions of Section 1542 of the Code. Thus, Licensee contends that the General Assembly did not intend for out-of-state convictions to be considered when determining habitual offender status.

■ As an initial matter, we note that the Department bears the burden of demonstrating that Licensee's certified driving record contains the requisite number of convictions for offenses committed within a five-year period to satisfy the habitual offender provisions of the Code. *See generally Martino v. Commonwealth*, 116 Pa. Cmwlth. 200, 541 A.2d 425 (1988). As previously noted, Licensee cannot collaterally attack the validity of the suspension of his operating privilege based on the West Virginia DUI conviction because no appeal was taken from that action. In other words, Licensee is estopped from challenging the underlying merits of the West Virginia DUI conviction regardless of whether West Virginia's DUI statute is substantially similar to 75 Pa.C.S. § 3731 and whether it complied with the reporting requirements of the Compact. *Doyle.* Those issues should have been raised at the time that the Department suspended Licensee's operating privilege as a result of the West Virginia DUI conviction.

■ Moreover, we disagree with Licensee that the General Assembly did not intend for out-of-state convictions to be considered when determining habitual offender status. Article IV, Sections (a)(2) and (c) of the Compact, 75 Pa.C.S. § 1581, Art. IV, §§ (a)(2) and (c), state

(a) The licensing authority in the home state, for the purposes of suspension, *revocation* or limitation of the license to operate a motor vehicle, *shall give the same effect to the conduct reported, ... as it would if such conduct had occurred in the home state in the case of convictions for:*

....

---

9. 75 Pa.C.S. § 1532.

(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle.

. . . .

(c) If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing in subdivision (a) of this article as being applicable to and identifying those offenses or violations of a substantially similar nature and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article.

(Emphasis added).

■ The Compact is a contract between states, and its purpose is to promote compliance with each party state's motor vehicle law. *Sullivan v. Department of Transportation, Bureau of Driver Licensing,* 550 Pa. 639, 708 A.2d 481 (1998); *Schuetz v. Department of Transportation, Bureau of Driver Licensing,* 753 A.2d 915 (Pa.Cmwlth.2000). In order for the Department to treat an out-of-state conviction as though it occurred in Pennsylvania, the out-of-state conviction must be from a state that has enacted the Compact and enacted a statute to that effect. *Schuetz.*

■ West Virginia is a party-state to the Compact. W. Va.Code, §§ 17B–1A–1—17B–1A–2. We have held that its DUI statute employs language that is synonymous with language in Article IV(a)(2) of the Compact and also language that we have held to be substantially similar to Section 3731 of the Code. *Bartoe v. Department of Transportation, Bureau of*

*Driver Licensing,* 764 A.2d 698 (Pa. Cmwlth.2000); *Hunt v. Department of Transportation, Bureau of Driver Licensing,* 750 A.2d 922 (Pa.Cmwlth.), *appeal denied,* 564 Pa. 718, 764 A.2d 1073 (2000); *Hook v. Department of Transportation, Bureau of Driver Licensing,* 734 A.2d 458 (Pa.Cmwlth.1999), *appeal denied,* 564 Pa. 718, 764 A.2d 1073 (2000). Accordingly, a West Virginia DUI conviction is the functional equivalent of a DUI conviction under Section 3731 of the Code.

Pursuant to Article IV of the Compact, Licensee's West Virginia DUI conviction is to have the same effect as if it had occurred in Pennsylvania. 75 Pa.C.S. § 1581, Art. IV, § (a)(2). Because the Compact requires that the Department treat an out-of-state conviction as it would an in-state conviction, Licensee's third offense triggered the habitual offender provisions of the Code.

■ We agree with the Department that to hold otherwise would lead to absurd results. Section 1932 of the Statutory Construction Act of 1972[10] requires that statutes in *pari materia* be construed together, if possible, as one statute. In order for a court to read statutes together, it must be established that the statutes relate to the same thing or same class of persons. *Buehl v. Horn,* 728 A.2d 973 (Pa.Cmwlth.1999). Quite clearly, the Compact and Code seek to promote roadway safety and penalties for violations of the laws pertaining thereto.

By enacting the Compact, it is evident that the General Assembly intended that properly reported out-of-state convictions be treated precisely the same as Pennsylvania offenses. When read together, the Compact enables the Department to respond to violations of other state laws com-

10. 1 Pa.C.S. § 1932.

mitted by its licensed drivers as if those violations occurred in state. Otherwise, the Compact would serve no purpose, i.e. there would be no consequences resulting from violations of a party state's motor vehicle laws.

Thus, the Department's actions in considering Licensee's West Virginia DUI conviction as a third offense triggering Section 1542(a) of the Code was proper. Licensee's designation as a habitual offender was therefore appropriate. Accordingly, we affirm.

Judge KELLEY dissents.

### ORDER

AND NOW, this 27th day of September, 2001, the February 15, 2001 order of the Court of Common Pleas of Fayette County is AFFIRMED.