## Serfass v. Commonwealth, Department of Public Welfare, Office of Children, Youth and Families

C.P. of Carbon County, no. 03-1762.

*William J. McCarthy III,* for plaintiff.
*Myra Sacks,* for defendant.

NANOVIC, *J.,* June 23, 2004—

## FACTUAL AND PROCEDURAL BACKGROUND

On or about December 18, 2002, the plaintiff, Gregory D. Serfass (Father), received notice that he was the subject of an investigation by the Carbon County Office of Children and Youth Services because an unidentified individual or individuals reported that Father sexually abused his son, Nicholas. The report of abuse was investigated by Children and Youth and ultimately determined to be unfounded on or about February 14, 2003.

Father is involved in separate child custody proceedings in Northampton County and suspects that his estranged wife (Mother) maliciously made the allegations of abuse to deprive him of custody of his children, or acted in concert with others for the same purpose. Mother has denied involvement in the allegations.

Alleging that the identity of the party or parties who reported the allegations to Children and Youth is relevant and important information in his custody proceedings, Father requested a copy of the report made to Children and Youth and that the identity of the reporting party be disclosed. A copy of the report redacted to remove the name of the reporting source and any persons who cooperated in the investigation was provided to Father, however, the defendant, Commonwealth of Pennsylvania,

Department of Public Welfare, has denied Father's request to identify the reporting source.

On July 21, 2003, Father commenced the present suit seeking to compel DPW to provide Father with copies of all reports, documents and/or records concerning the charges of sexual abuse filed against him and to disclose the identity of the party or parties filing such charges.[1] DPW has filed a number of preliminary objections to the complaint, one of which we believe to be dispositive of all others and which we will grant: Father has failed to state a claim upon which relief can be granted.[2]

---

1. Since the filing of this action, Father has acknowledged that he is not entitled to receive confidential information contained in the requested records and reports and has elected not to pursue such request. (Father's brief in opposition to preliminary objections, p. 6.)

2. DPW has filed the following objections: (1) that the relief Father seeks is equitable in nature and, because common-law equity jurisdiction does not exist in Pennsylvania, absent a statute authorizing the relief sought, which Father has failed to identify, the court is without power to grant Father's request, see *Commonwealth v. Ryan,* 459 Pa. 148, 155, 327 A.2d 351, 354 (1974) ("There is no common-law equity jurisdiction in Pennsylvania; a court may exercise only those equitable powers which have been specifically conferred by the legislature."); (2) that the Judicial Code vests exclusive original jurisdiction of this matter in the Commonwealth Court, citing 42 Pa.C.S. §761(a); plaintiff, however, cites to 23 Pa.C.S. §6340(a)(5.1) as conferring authority upon this court to obtain the information requested; (3) that absent an exception, of which none have been identified, this court itself is prohibited from receiving or reviewing confidential child abuse information, 23 Pa.C.S. §6340; (4) that Father in this action is seeking to collaterally attack DPW's previous denial of his request and has failed to preserve the issue for review, see *B.T. v. Department of Public Welfare,* 828 A.2d 436 (Pa. Commw. 2003), *appeal denied,* 845 A.2d 819 (Pa. 2004); (5) that no right exists to obtain the requested information; and (6) that to the extent the relief sought by Father would require DPW to act affirmatively, Father's claim is barred by prin-

## DISCUSSION

The confidentiality provisions of the Child Protective Services Law (the Act), 23 Pa.C.S. §§6301-6385, are integral to its purposes and allow for only limited exceptions. 23 Pa.C.S. §§6302(b) (stating purposes of Act) and 6339 (imposing blanket confidentiality on all reports and information obtained concerning alleged instances of child abuse). The exceptions fall within one of two broad categories of persons authorized to receive information gathered under the Act: (1) limited access to file information under specific circumstances to persons and agencies *outside* the circle of privacy created by the Act, 23 Pa.C.S. §6340(a); and (2) almost complete access to file information to any person who is the "subject of a report" and thereby included *within* the circle of privacy circumscribed by the Act, 23 Pa.C.S. §6340(b). *Commonwealth v. Kennedy,* 413 Pa. Super. 95, 102, 604 A.2d 1036, 1040 (1992), *appeal denied,* 531 Pa. 638, 611 A.2d 711 (1992).

As the alleged perpetrator of abuse, Father is one of the "subject[s] of the report" as defined by the Act and entitled to almost complete access to file information. Section 6340(b) provides:

"(b) Release of information to subject of report.—At any time and upon written request, a subject of a report may receive a copy of all information, except that prohibited from being disclosed by subsection (c), contained in the Statewide central register or in any report filed

ciples of sovereign immunity, see 1 Pa.C.S. §2310; *Youst v. PennDOT,* 739 A.2d 625, 627 (Pa. Commw. 1999).

pursuant to section 6313 (relating to reporting procedure)." 23 Pa.C.S. §6340(b).

This information, with the identity of the person making the report excised, has been provided to Father. Section 6340(c) provides:

"(c) Protecting identity of person making report.—Except for reports pursuant to subsection (a)(9) and (10), the release of data that would identify the person who made a report of suspected child abuse or the person who cooperated in a subsequent investigation is prohibited unless the secretary finds that the release will not be detrimental to the safety of that person. Law enforcement officials shall treat all reporting sources as confidential informants." 23 Pa.C.S. §6340(c).

Notwithstanding the specific bar to disclosure of the identity of the person making the report contained in section 6340(c), Father argues that this court has the authority "in connection with any matter involving custody of a child" to request and review any reports and files which the court considers relevant. 23 Pa.C.S. §6340(a)(5.1). While such authority undoubtedly exists in the court, its exercise by this court would be of no avail to Father. The ability of the court to obtain the information authorized by section 6340(a)(5.1) and the bar imposed by section 6340(c) against releasing the identity of the reporting party "unless the secretary finds that the release would not be detrimental to the safety of that person" are neither inconsistent nor in conflict with one another. Nothing contained in section 6340(a) (5.1) authorizes, much less supersedes, the disclosure expressly prohibited by section 6340(c). See 1 Pa.C.S. §1932 (con-

struing statutes or parts of statutes in pari materia); cf. *Pennsylvania v. Ritchie,* 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) (finding that a criminal defendant's Sixth Amendment rights under the United States Constitution did not entitle a defendant accused of sexually molesting his daughter to personally view all materials in the child welfare services file; an in camera review of the county agency records by the trial court and disclosure to the defense of only those materials that might change the outcome of the trial struck the proper balance between the confidentiality interest protected by statute and the defendant's due process rights).

Moreover, Father has alleged no finding by the secretary that release of the information Father requests would not be detrimental to the safety of the reporter of the abuse. To the contrary, in denying Father's request, DPW expressly acknowledged that disclosure of the identity of such persons is only permitted under exceptional circumstances and that such circumstances did not exist in this case.[3]

That the information Father requests may indeed be relevant to the pending custody proceedings in Northampton County is not the standard by which we must measure the request. Instead, because the privilege of confidentiality created by the Act is qualified, rather than absolute, the interests protected by this privilege must

---

3. It is appropriate in this respect to note that "DPW's interpretations of the requirements of the [Act] are entitled to deference because DPW is the agency charged with implementation of the statute." *In re Estate of Wagner,* 791 A.2d 444, 446 (Pa. Commw. 2002), *appeal granted,* 572 Pa. 694, 813 A.2d 848 (2002).

be weighed against the interests Father seeks to advance in the custody proceedings. *V.B.T. v. Family Services of Western Pennsylvania*, 705 A.2d 1325, 1334 (Pa. Super. 1998), *aff'd*, 556 Pa. 430, 728 A.2d 953 (1999). In *V.B.T.*, the court described the interests protected by the Act as follows:

"The confidentiality provisions of the [Act] have several clear functions in light of the statute's broad purposes: to encourage reporting of abuse by ensuring that persons with knowledge of abuse are not deterred from reporting it by the prospect of the abuser learning their identity and seeking retribution; to facilitate the investigation of abuse by assuring potential witnesses that the information they provide to investigators will not be made public; to facilitate the rehabilitation and treatment of abused children and their families by encouraging open, frank communications with agency personnel and treatment providers; to encourage the effective operation of the child protective service by enabling it to keep complete and comprehensive files on all aspects of a family's circumstances without fear that information placed in such files will be subject to scrutiny by persons not involved in the process of rehabilitating the family; and to prevent the innocent victims of abuse from also becoming victims of public stigma by guarding information about the intimate details of their lives from the prying eyes of outsiders." 705 A.2d at 1335-36.

In contrast, Father seeks to obtain the identity of the reporter for possible use in discrediting Mother or attacking her character in the pending custody proceedings. Denial of the information requested will not fore-

close Father's action. Nor is it alleged that denial will severely cripple Father's quest for primary custody. The contrary appears from our review of the report provided to Father.

With the exception of the identity of the reporter, Father has been provided a complete copy of the report. In this report, it is clear that the investigation was prompted by the child's asking, "Why does daddy touch me down there?" The child, according to the report, has a pervasive developmental disorder, was not consistent in his answers when questioned by the investigator, and did not appear credible. There is nothing in the report to suggest that the person reporting the alleged abuse acted other than out of an abundance of caution based on the child's statements.

In this case, it is not claimed that the information requested by Father implicates his constitutional rights or will advance one of the objectives of the Act. While it might well be true, as Father contends, that an unscrupulous parent can use the Act as a weapon in custody proceedings, it is also true that were we to grant Father's request, parents who sincerely believe a child is being abused by the other parent will be reluctant to report such abuse, if the report, later determined to be unfounded, opens the door for their identity to be disclosed and used against them in a pending custody proceeding. This is the very risk that the requirement of anonymity is intended to minimize.

When viewed broadly, the benefit Father seeks to derive from the information requested is dwarfed by the policy and purposes of the Child Protective Services Law.

The Act's purpose of encouraging the reporting of child abuse, while at the same time withholding from disclosure the identity of the person making the report, is both a valid purpose and a legitimate means of achieving that purpose. Indeed, the legislative decision to maintain the confidentiality of the reporting source demands our recognition notwithstanding the possible relevance which would exist if it were determined that Mother, or someone on her behalf, reported the alleged abuse:

"[P]rivileges which are established by constitution, common law or statute are 'designed to protect weighty and legitimate competing interests.' *Id.* Thus where the legislature has considered the interests at stake and has granted protection to certain relationships or categories of information, the courts may not abrogate that protection on the basis of their own perception of public policy unless a clear basis for doing so exists in a statute, the common law, or constitutional principles. *Commonwealth v. Moore,* 526 Pa. 152, 159, 584 A.2d 936, 940 (1991) ('[T]he general powers of the courts do not include the power to order disclosure of materials that the legislature has explicitly directed be kept confidential.') No such basis was found by the trial court or asserted by the plaintiffs in this case." 705 A.2d at 1335.

## CONCLUSION

When balancing the competing interests of the father and the Commonwealth in this case, the Commonwealth's interests in maintaining the confidentiality of the person who reported the suspected abuse is paramount. Under these circumstances, we will grant DPW's request to dismiss the complaint.