IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dennis O'Connor,                :
               Appellant     :
                                     :
            v.               :    No. 420 C.D. 2018
                                       :    Argued: November 15, 2018
Commonwealth of Pennsylvania,    :
Department of Transportation,       :
Bureau of Driver Licensing         :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION BY
JUDGE COVEY                  FILED: December 13, 2018


      Dennis O'Connor (Licensee) appeals from the Chester County Common Pleas Court's (trial court) February 22, 2018 order denying his license suspension appeal. Licensee presents one issue for this Court's review: whether the trial court erred by admitting into evidence the Chester County Court Clerk's (Clerk) report that was electronically transmitted to the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department) as proof of his conviction for driving under the influence of alcohol (DUI). After review, we affirm.

**Background**

      This matter arises out of the Department's 18-month suspension of Licensee's operating privileges based on his February 1, 2016 conviction for

violating Section 3802(c) of the Vehicle Code,[1] which was his second violation of that provision. The Clerk transmitted, **via electronic communication**, to the Department a certified record of that conviction. Licensee appealed from the suspension, and the trial court held a *de novo* hearing.

At the trial court hearing, the Department introduced certified records including, *inter alia*: its official notification to Licensee of his 18-month license suspension; the DL-21 form, titled "Report of the Clerk of Courts showing the conviction or acquittal of any violation of the Vehicle Code," which is the April 18, 2016 Clerk's electronic transmittal of Licensee's conviction (DL-21 Form); and Licensee's certified driving history. Reproduced Record (R.R.) at 10a-12a, 13a-14a, 19a-21a. Licensee objected to the admission of the DL-21 Form, asserting "a breakdown in the system because the certification of the conviction indicated that it was prepared by the [Clerk], but the record did not reflect that it was received by [the Department] from a court." Trial Ct. Op. at 2. Licensee's counsel explained his "**understanding**[] that these things **normally** get electronically transmitted to the [Administrative Office of Pennsylvania Courts (]AOPC[)]" and "[t]he AOPC then advises" the Department. R.R. at 29a (emphasis added). The trial court overruled Licensee's objection, citing this Court's unreported opinion in *Miles v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth. No. 512

---

[1] Section 3802(c) of the Vehicle Code states:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa. C.S. § 3802(c).

C.D. 2016, filed January 12, 2017), in which this Court rejected a challenge to a license suspension because the licensee's DUI conviction was transmitted through the AOPC to the Department.[2] After the Department presented its certified documents, which were admitted into evidence, the Department rested. Licensee presented no evidence or additional argument.

On February 22, 2018, the trial court denied Licensee's appeal and reinstated his license suspension. Licensee appealed to this Court.[3]

## Arguments

Licensee argues that the trial court erred by admitting the DL-21 Form into evidence as proof of his DUI conviction. Specifically, he contends that Section 1550(d)(2) of the Vehicle Code provides a hearsay exception for information the Department certifies "that it has received . . . by means of electronic transmission" "from a court," but that, here, there is no evidence that the Department received his DUI conviction from a "court." 75 Pa. C.S. § 1550(d)(2). Licensee asserts that such documents and information are normally transmitted by the AOPC, which is not a

---

[2] In *Miles*, the trial court concluded "the Department received [the DL-21 Form] from the AOPC rather than from a court[,] based on the Department's Section Manager's testimony that he presumed the information from the district court was "filtered through the AOPC." *Miles,* slip op. at 3. Here, there was no such testimony. In fact, there was no evidence whatsoever that the Department received the DL-21 Form from any entity other than the Clerk. Rather, Licensee's argument is based solely on his counsel's purported "understanding." R.R. at 29a.

Although the trial court stated that the Department electronically received the DL-21 Form from the AOPC, *see* Trial Ct. Op. at 2, there was no record evidence to support this factual finding. For this reason, this Court rules that the trial court erred by holding otherwise, and rejects that finding.

[3] "Our standard of review in a license suspension case is to determine whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion." *Gammer v. Dep't of Transp., Bureau of Driver Licensing*, 995 A.2d 380, 383 n.3 (Pa. Cmwlth. 2010).

3

court. Licensee maintains that the term "court" as defined in Section 102 of the Vehicle Code does not include the AOPC.[4] 75 Pa. C.S. § 102. Moreover, Licensee claims that it is of no moment that the DL-21 Form was prepared by the Clerk, the only relevant factor determining its admissibility is whether it was "forwarded to the Department by a **court**." Licensee Br. at 10 (emphasis in original).

Licensee recognizes that the *Miles* Court held that conviction information transmitted through the AOPC is admissible under Section 1550(d)(2) of the Vehicle Code, but asks this Court to reconsider that decision. He maintains "there **is** support for the proposition that Section 1550(d)(2) [of the Vehicle Code] prohibits the courts from sending conviction details through a third party, even the AOPC" because "that Section specifically dictates that the information be forwarded by a court." Licensee Br. at 13 (emphasis in original). Licensee claims that Section 1550(d)(2) of the Vehicle Code does not allow for an indirect transmission. He further asserts that while Pennsylvania Rule of Criminal Procedure (Rule) 771(A) imposes a duty on clerks of courts to report to the Department the disposition of charges required by Section 6323 of the Vehicle Code, 75 Pa. C.S. § 6323, by

---

[4] Pursuant to Section 102 of the Vehicle Code, the term "court"

> [i]ncludes (when exercising criminal or quasi-criminal jurisdiction pursuant to [Section 1515 of the Judicial Code,] 42 Pa. C.S. § 1515 (relating to jurisdiction and venue) or concerning the receipt, storage, reproduction, electronic transmission and admissibility of documentation under [S]ection 1377 (relating to judicial review) or 1550 (relating to judicial review)) a district justice or issuing authority or the equivalent official from the Federal Government or another state.

75 Pa. C.S. § 102. An "[i]ssuing authority" is "[a] public official having the power and authority of a magisterial district judge." *Id.*

4

electronic submission on a form developed by the Department, it is silent as to "**who is to forward** that report to the Department." Licensee Br. at 13 (first bold emphasis added). Licensee contends that the silence is addressed by Section 1550(d)(2) of the Vehicle Code.

The Department responds that, pursuant to Section 6323 of the Vehicle Code, county clerks of courts are required to report DUI convictions to the Department, and that Rule 771(A) requires these reports to be transmitted electronically on a form developed by the Department. The Department asserts that here, the Clerk transmitted Licensee's DL-21 Form electronically to the Department in accordance with Section 6323 of the Vehicle Code and Rule 771(A). The Department argues that Section 1550(d)(2) of the Vehicle Code makes the Clerk's electronic transmission to the Department admissible in court as prima facie evidence of Licensee's DUI conviction. According to the Department, while neither Section 6323 nor Section 1550(d)(2) of the Vehicle Code state how a conviction is to be electronically transmitted to the Department, Rule 771(A) fills this gap by placing the duty on the Clerk. The Department maintains that by construing Rule 771(A) as providing that the Clerk is to electronically transmit the DL-21 Form to the Department, "gives effect to all of the statute's phrases and does not lead to an absurd result, [consequently] that interpretation must prevail." Department Br. at 13 (quoting *Commonwealth v. Wendel*, 165 A.3d 952, 959 (Pa. Super. 2017)).

## Discussion

Initially, Section 1550(d)(2) of the Vehicle Code provides, in pertinent part, that "documents received by the [D]epartment from any other court . . . shall be admissible" and that, if the Department "receives information **from a court by**

5

**means of electronic transmission**," it may "certify that it has received that information by means of electronic transmission, and **that certification shall be prima facie proof of the adjudication and facts contained in such an electronic transmission**." 75 Pa. C.S. § 1550(d)(2) (emphasis added). Here, the Department received "information," the DL-21 Form, reflecting Licensee's DUI conviction from the Clerk by electronic transmission, which the Department certified as such during the trial court hearing on Licensee's appeal. *Id.* This transmission falls squarely within Section 1550(d)(2) of the Vehicle Code. Although Licensee maintains that this certification and the DL-21 Form are insufficient to establish that his conviction was transmitted by a court, the reporting provisions in the Vehicle Code, the Judicial Code, and the Pennsylvania Rules of Criminal Procedure, do not support Licensee's argument.

Section 6323 of the Vehicle Code addresses "**Reports by Courts**," and subsection (1)(i) requires that "[t]**he clerk of any court of this Commonwealth**, within ten days after final judgment of conviction or acquittal or other disposition of charges under the provisions of this title . . . **shall send to the** [D]**epartment a record of the judgment of conviction**, acquittal or other disposition." 75 Pa. C.S. § 6323(1)(i) (emphasis added). Pursuant to Section 2704 of the Judicial Code, the clerk of courts is "responsible for the accurate and timely creation, maintenance and certification of the record of matters pending before or determined by the courts of common pleas . . . , including data and reports relating thereto." 42 Pa. C.S. § 2704(a). Further, the clerk of courts has the power and authority to:

> (2) Affix and attest the seal of the court or courts . . . to the certifications and exemplifications of all documents and records pertaining to the office of the clerk of the courts and the business of the court or courts of which it is the clerk of the courts.

6

(3) Enter all criminal judgments and judgments entered by confession.

(4) Exercise the authority of the clerk of the courts as an officer of the court.

(5) Exercise such other powers and perform such other duties as may now or hereafter be vested in or imposed upon the office by law . . . .

42 Pa. C.S. § 2757. Pursuant to Section 2705(e) of the Judicial Code, one specific duty of the clerk of courts is "comply[ing] with the reporting requirements of [the Vehicle Code]". 42 Pa. C.S. § 2705(e).

> Moreover, Rule 103 explains that the "clerk of courts"
>
> is that official, without regard to that person's title, in each judicial district who, pursuant to [Section 2757 of the Judicial Code], has the responsibility and function to maintain the official criminal case file and list of docket entries, and to perform such other duties as required by rule or law.

Pa.R.Crim.P. 103. Indeed, Rule 771(A) mandates that "[t]**he clerk of courts shall report to the** . . . **Department** . . . all dispositions of charges required by [Section 6323 of the Vehicle Code,] 75 Pa. C.S. § 6323 (relating to reports by courts). The report **shall be sent by electronic transmission** in the form prescribed by the Department." Pa.R.Crim.P. 771(A) (emphasis added).[5]

---

[5] The Comment to Rule 771 states:

> This rule was adopted in 2014 to provide for the electronic transmission of the case information required under [Section 6323 of the Vehicle Code] to the [Department]. The [R]ule provides for procedures at the court of common pleas similar to those already provided under Rule 471 for the reports required to be submitted under [Section 6322 of the Vehicle Code] by issuing authorities.

Pa.R.Crim.P. 771, *Comment*.

Under these provisions, the clerk of courts is the representative of the court of common pleas who is statutorily responsible for reporting Vehicle Code-related convictions to the Department. At the Supreme Court's direction, those conviction reports are to be transmitted electronically to the Department on the Department's form (the DL-21 Form). Licensee appears to argue that, while the clerk of courts is responsible for reporting convictions to the Department, it is not the clerk of courts that is also responsible, pursuant to the second sentence of Rule 771(A), for electronically transmitting those reports to the Department. His arguments suggest that if the DL-21 Form was electronically transmitted by the clerk of courts, the DL-21 Form would not be admissible because it was not transmitted by a court.

However, Licensee's extremely narrow reading of the term "court" in Section 1550(d)(2) of the Vehicle Code disregards the Vehicle Code's statutory mandate that the clerk of courts is responsible for reporting convictions to the Department, the Judicial Code's recognition of the clerk of courts' role within the court system, and the Supreme Court's direction in Rule 771(A) that the clerk of courts must report convictions to the Department, and that such reports must be electronically transmitted. As these provisions relate to the same thing (*e.g.*, the reporting of convictions for Vehicle Code violations to the Department), they must be read *in pari materia,* which Licensee's interpretation does not do.[6] Reading these provisions together as treating a DL-21 Form electronically transmitted by a clerk

---

[6] *See* Section 1932 of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1932 (Statutes that relate to the same class of persons or things are *in pari materia* and "shall be construed together, if possible, as one . . . ."); *see also Fetty v. Dep't of Transp., Bureau of Driver Licensing*, 784 A.2d 236 (Pa. Cmwlth. 2001); *Wendel,* 165 A.3d at 959 (quoting *Commonwealth v. Allen*, 107 A.3d 709, 716 (Pa. 2014)) ("The Rules of Criminal Procedure are to 'be construed in consonance with the rules of statutory construction[,]' Pa.R.Crim.P. 101(C)[.]").

8

of courts as being transmitted by a court, thereby making the information contained therein admissible under Section 1550(d)(2) of the Vehicle Code, "gives effect to all of the . . . phrases and does not lead to an absurd result, [therefore] that interpretation must prevail." *Commonwealth v. McCoy*, 962 A.2d 1160, 1168 (Pa. 2009).

This interpretation is consistent with the Court's unreported decision in *Diveglia v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth. No. 1702 C.D. 2016, filed July 14, 2017),[7] which involved a clerk of courts' electronic transmission of a DL-21 Form to the Department. Relying upon *Miles*, the *Diveglia* Court held that the DL-21 Form electronically transmitted to the Department by a clerk of courts was admissible under Section 1550(d)(2) of the Vehicle Code as evidence of the licensee's conviction. *See Diveglia.* "[W]here the Department certifies that it has received an electronic transmission of conviction information by way of a clerk of courts, such information is admissible under [S]ection 1550(d)(2) [of the Vehicle Code]." *Id.* at 5-6.

Licensee also maintains the DL-21 Form is inadmissible because the AOPC transmitted it to the Department, as this is how such information is "normally" transmitted, R.R. at 29a, and the AOPC is not a court. However, there is nothing in this record, beyond Licensee's suppositions, indicating that the DL-21 Form was transmitted to the Department by or through the AOPC.[8] Moreover, the electronically-transmitted DL-21 Form herein which the Department certified reflects it is a Department form relating to the requirement set forth in Section 6323 of the Vehicle Code mandating the reporting of a violation of the Vehicle Code to

---

[7] Unreported decisions of this Court, while not binding, may be cited for their persuasive value. Section 414(a) of the Internal Operating Procedures of the Commonwealth Court, 210 Pa. Code § 69.414(a). *Diveglia* is cited for its persuasive value.

[8] Thus, this Court has no need to address the *Miles* Court's holding, and declines to do so.

9

the Department by the clerk of courts. *See* R.R. at 13a. It includes Licensee's name, address, driver's license information, and vehicle information, as well as the date of the violation, Vehicle Code section violated, the specific charge, the violation grade, that it was Licensee's second violation, and the date of his conviction. It identifies the court in which the conviction occurred and other information regarding the case. Finally, the DL-21 Form itself specified that it is a "REPORT OF THE CLERK OF COURTS" certifying that it is "A CERTIFIED RECORD OF A CONVICTION" "ELECTRONICALLY TRANSMITTED" on April 18, 2016, and that the form is to be sent "To: Bureau of Driver Licensing[.]" R.R. at 13a.

Pursuant to Section 1550(d)(2) of the Vehicle Code, the DL-21 Form is prima facie proof of those facts contained therein. With the Department's other evidence, these facts support the 18-month suspension of Licensee's operating privileges under Section 3804(e)(2)(ii) of the Vehicle Code, 75 Pa. C.S. § 3804(e)(2)(ii) (mandating an 18-month suspension for a first-degree misdemeanor, which includes a second violation of Section 3802(c) of the Vehicle Code pursuant to Section 3803(b)(4) of the Vehicle Code, 75 Pa. C.S. § 3803(b)(4)). *See Sivak v. Dep't of Transp., Bureau of Driver Licensing*, 9 A.3d 247, 251-52 (Pa. Cmwlth. 2010) (The Department bears "the initial burden to establish a prima facie case that a record of conviction supports a suspension" and, if met, "the licensee must show by clear and convincing evidence that the record was erroneous."). Here, Licensee has not challenged any of the conviction details or his driving history as being inaccurate or incorrect. Accordingly, the trial court did not err in denying Licensee's appeal and reinstating his license suspension.

10

**Conclusion**

Because the DL-21 Form containing Licensee's conviction information was electronically transmitted to the Department by the Clerk in accordance with the Vehicle Code and Rule 771(A), and the Department certified the same, the trial court properly admitted the DL-21 Form as prima facie evidence of Licensee's DUI conviction pursuant to Section 1550(d)(2) of the Vehicle Code.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

Judge Cohn Jubelirer did not participate in the decision in this case.

Senior Judge Colins concurs in the result only.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dennis O'Connor,              :
           Appellant      :
                             :
           v.                 :     No. 420 C.D. 2018
                             :
Commonwealth of Pennsylvania,    :
Department of Transportation,      :
Bureau of Driver Licensing        :

# **O R D E R**

AND NOW, this 13th day of December, 2018, the Chester County Common Pleas Court's February 22, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge